ELIZABETH J. KRUEGER *v.* CHARLES G. KRUEGER

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 5, 1979—decision released January 29, 1980

*Edward J. Gallagher,* with whom, on the brief, were *Francis G. Pennarola* and *Stephen C. Gallagher,* for the appellant (defendant).

*Dianne M. Ventura,* with whom was *Jean Fellazzo,* for the appellee (plaintiff).

PARSKEY, J. This case raises the question whether a California decree purporting to terminate a modifiable Connecticut alimony decree must be enforced in this state, either under the full faith and credit clause of the United States constitution or as a matter of comity, where the California court acted without first establishing the Connecticut decree as a California judgment. Our short answer to this question is no.

The parties to the present case were divorced in Connecticut by a judgment dated May 27, 1966. Under the terms of the decree the defendant was ordered to pay the plaintiff $300 per month as alimony and $300 per month for support of the minor child of the marriage. On July 3, 1975, the alimony order was increased to $600 per month. In May, 1976, the plaintiff brought an action in the state of California against the defendant, then a California resident, seeking to establish the Connecticut judgment, as modified, as a California judgment. The defendant filed an answer contesting the enforceability of the Connecticut decree and also filed a counterclaim seeking modification or termination of spousal support. Before this action was concluded, the plaintiff's attorney in California was permitted to withdraw her appearance. A default was then entered against the plaintiff on the counterclaim. The California court rendered a judgment in which the Connecticut judgment, "the terms of which to the

490

extent that they are not modifiable by the courts of Connecticut, [was] established as a California judgment, and . . . the modification of said judgment by the Superior Court of Fairfield County, Connecticut, dated July 3, 1975, to the extent that sums have accrued thereunder which are due and payable to the plaintiff [was] further established as a judgment in the state of California." Effective July 1, 1977, the California court also terminated spousal support previously ordered by the Connecticut court.

Thereafter the defendant moved in the Superior Court for modification of the Connecticut alimony order to comply with the provisions of the California judgment. The present appeal is from the denial of the defendant's motion for modification.

"Under the full faith and credit clause of the constitution of the United States (article 4 § 1) and its implementing statute (62 Stat. 947, 28 U.S.C. § 1738), the judicial proceedings of a state must be given full faith and credit in every other state. The judgment rendered in one state is entitled to full faith and credit only if it is a final judgment, and the judgment is final only if it is not subject to modification in the state in which it was rendered. *Barber* v. *Barber,* 323 U.S. 77, 65 S. Ct. 137, 89 L. Ed. 82 [1944]; *Sistare* v. *Sistare,* 218 U.S. 1, 30 S. Ct. 682, 54 L. Ed. 905 [1910]." *Hendrix* v. *Hendrix,* 160 Conn. 98, 104, 273 A.2d 890 (1970). Under California law an order terminating alimony at a date certain is not subject to modification unless the court retains jurisdiction. California Civil Code § 4801 (d); *Bowman* v. *Bowman,* 29 Cal. 2d 808, 814, 178 P.2d 751 (1947). Thus, the threshold question of finality has been met by the California judg-

ment in this case. Another question which must be addressed, however, is whether the California court had jurisdiction to render the judgment.

The full faith and credit clause gives a final judgment of one state not only an entry visa but also a mandatory claim to credit in a sister state. "But the Clause does not make a sister-State judgment a judgment in another State. The proposal to do so was rejected by the Philadelphia Convention. 2 Farrand, The Records of the Federal Convention of 1787, 447–48. 'To give it the force of a judgment in another state, it must be made a judgment there.' *M'Elmoyle* v. *Cohen*, 13 Pet. 312, 325. It can be made a judgment there only if the court purporting to render the original judgment had power to render such a judgment. A judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." *Williams* v. *North Carolina*, 325 U.S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577 (1945).

The Connecticut decree ordered the defendant to pay periodic alimony. When the plaintiff sought to establish and enforce this decree in California, only part of it was clothed in constitutional raiment. The accrued installments of alimony, because they were not subject to modification in Connecticut; *Sanchione* v. *Sanchione*, 173 Conn. 397, 406, 378 A.2d 522 (1977); had to be accorded full faith and credit by the California court. *Sistare* v. *Sistare*, 218 U.S. 1, 15–17, 30 S. Ct. 682, 54 L. Ed. 905 (1910); *Biewend* v. *Biewend*, 17 Cal. 2d 108, 110–111, 109 P.2d 701 (1941). Future installments of alimony, however, are subject to modification in Con-

necticut; General Statutes § 46b-86; *Sanchione* v. *Sanchione,* supra, 404; and, consequently, were not subject to enforcement under the full faith and credit clause. *Sistare* v. *Sistare,* supra. Nevertheless, the California court was free to enforce them as a matter of comity; *Biewend* v. *Biewend,* supra, 113; or to modify them. *Kovacs* v. *Brewer,* 356 U.S. 604, 607, 78 S. Ct. 963, 2 L. Ed. 2d 1008 (1958); *New York ex rel. Halvey* v. *Halvey,* 330 U.S. 610, 615, 67 S. Ct. 903, 91 L. Ed. 1133 (1947); *Worthley* v. *Worthley,* 44 Cal. 2d 465, 470, 283 P.2d 19 (1955).

California gives recognition to foreign judgments by establishing them as California judgments. *Biewend* v. *Biewend,* supra, 113. In this case the California court established the Connecticut judgment to the extent of accrued installments of alimony ordered thereunder and ordered the defendant to pay specified arrearages. Undoubtedly, had the California court desired to establish as a local decree the modifiable portions of the alimony order, it could have done so. Once the current order of support was properly established, the court then would have the power to fashion an appropriate modification.

The California court's jurisdiction to modify, however, depended on California first adopting the modifiable portions of the Connecticut decree. See *Sackler* v. *Sackler,* 47 So. 2d 292, 294 (Fla. 1950); Clark, Law of Domestic Relations § 14.11, p. 480; 24 Am. Jur. 2d, Divorce and Separation § 987. Cf. *Durfee* v. *Durfee,* 293 Mass. 472, 479, 200 N.E. 395 (1936) (no jurisdiction to modify directly child custody decree of a court of another state). An examination of the California judgment clearly reveals

that the court never established the modifiable order as a local decree. Not having done so the California court lacked jurisdiction to enter any orders modifying or terminating alimony.[1] The California judgment was a nullity insofar as it purported to change the Connecticut alimony order; the trial court was correct in concluding that it was not entitled to full faith and credit.

We comment briefly on the defendant's additional claim that the California judgment should be recognized in this state under the principle of comity. Whether a foreign judgment is to be recognized under the full faith and credit clause of the constitution of the United States or as a matter of comity it must first appear that the judgment itself is valid. Where the court rendering the judgment lacks jurisdiction of the subject matter the judgment itself is void. *Marshall* v. *Clark*, 170 Conn. 199, 205, 365 A.2d 1202 (1976). A judgment invalid for lack of jurisdiction is not entitled to recognition even in the state of its origin let alone in any other state. Comity is not to be regarded as an interstate resuscitator for void judgments.

There is no error.

In this opinion the other judges concurred.

---

[1] We reserve decision on the question whether the California court also exceeded its jurisdictional authority by applying a different standard for terminating alimony than that enunciated by us in *Grinold* v. *Grinold*, 172 Conn. 192, 374 A.2d 172 (1976). See *Walzer* v. *Walzer*, 173 Conn. 62, 376 A.2d 414 (1977); *Freund* v. *Burns*, 131 Conn. 380, 40 A.2d 754 (1944).