DELBERT BURCHETT *v.* ANGELO RONCARI ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued March 13—decision released June 3, 1980

*Eliot B. Gersten,* with whom was *Michael E. Grossmann,* for the appellant (named defendant).

*George C. Hastings,* with whom was *Timothy S. Fisher,* for the appellee (plaintiff).

PARSKEY, J. This is an action in the nature of a creditor's bill seeking to enforce a money judgment against the principal debtor, the defendant Angelo Roncari, out of a debt owed to Roncari by a third-party debtor, the defendant Roncari Industries, Inc. The trial court rendered a judgment enjoining the corporate defendant to pay certain monthly amounts to the plaintiff and forbidding the individual defendant from interfering with such payments. The individual defendant has appealed. We affirm.

The basic facts are not in dispute. In February, 1978, the plaintiff obtained a judgment against the named defendant in the Boyd Circuit Court of the Commonwealth of Kentucky for $110,366.86 and interest. In October, 1978, the plaintiff registered this judgment in Connecticut pursuant to the Uniform Enforcement of Foreign Judgments Act. General Statutes §§ 52-604 through 52-609. A property execution was returned unsatisfied except for a levy of $1460.89.

The individual defendant owns real property in Connecticut having a total value of approximately $84,000. His biggest asset, however, is a debt of some $450,000 owed to him by the defendant corporation and payable to him in monthly installments of approximately $12,000. Other assets consist of

gold and mining concessions in Africa. He insists that the plaintiff, because he could have availed himself of garnishment proceedings, had an adequate remedy at law and therefore would not suffer irreparable harm if he were denied the equitable relief available in a creditor's bill. A brief examination of this and other remedies that were available to the plaintiff demonstrates the unsoundness of this position.

Although it has long been the policy of our law that all of the property of a debtor should be available for the satisfaction of his debts; *Greenwich Trust Co.* v. *Tyson,* 129 Conn. 211, 219, 27 A.2d 166 (1942); *Johnson* v. *Connecticut Bank,* 21 Conn. 148, 159 (1851); the legal remedies to make this policy fully effective have not always been adequate. The ancient writs of execution ordinarily used are the writs of fieri facias and scire facias. The former is used for the seizure and sale of property of the judgment debtor. Choses in action, because they are not capable of being sold, are not subject to this form of execution. See *Fitch* v. *Waite,* 5 Conn. 117, 123 (1823). Debts due from banking institutions are subject to execution by statute. General Statutes § 52-367a. The writ of scire facias is generally used to collect other debts owed to the judgment debtor. This writ may not be used, however, unless the debt has first been garnisheed. General Statutes § 52-381; *Hayes* v. *Weisman,* 97 Conn. 387, 398, 116 A. 878 (1922). It is rather obvious that these ancient writs of execution have become so encrusted with procedural barnacles that frequently they are not suited to the needs of modern society.

The limited scope of the common-law writs of execution created the need for the creditor's bill in

equity. 4 Pomeroy, Equity Jurisprudence (5th Ed.) § 1415. A creditor's bill is a lawsuit brought to enforce the payment of a debt out of property of a debtor under circumstances which impede or render impossible the collection of the debt by the ordinary process of execution. *Finance Corporation of New England, Inc.* v. *Scard,* 100 Conn. 712, 717, 124 A. 715 (1924); *Huntington* v. *Jones,* 72 Conn. 45, 49, 43 A. 564 (1899). "[I]t is within the general jurisdiction of a court of chancery to assist a judgment creditor to reach and apply to the payment of his debt any property of the judgment debtor, which by reason of its nature only, and not by reason of any positive rule exempting it from liability for debt, cannot be taken on execution at law; as in the case of trust property in which the judgment debtor has the entire beneficial interest, of shares in a corporation, or of choses in action." *Ager* v. *Murray,* 105 U.S. 126, 129, 26 L. Ed. 942 (1881); 21 Am. Jur. 2d, Creditors' Bills § 32. The only requirement for the maintenance of such a bill is that the plaintiff must not have an adequate remedy at law. *Greenwich Trust Co.* v. *Tyson,* 129 Conn. 211, 226, 27 A.2d 166 (1942).

In the present case, the inadequacy of the plaintiff's remedies at law is a result of his having registered the foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. Prior to the adoption of the Uniform Act, a foreign judgment could be enforced only by an action establishing that judgment as a judgment of this state. *Krueger* v. *Krueger,* 179 Conn. 488, 491, 427 A.2d 400 (1980). Ancillary to such suit the plaintiff could reach debts owed to the defendant by utilizing the prejudgment remedy of garnishment. General Statutes §§ 52-278a through 52-278m. Under the

Uniform Act, however, the registration of a foreign judgment in this state has the effect of establishing that judgment as a domestic judgment without requiring an independent lawsuit. As a result, the judgment creditor does not have available to him any legal remedy to reach debts ordinarily secured by garnishee process. A judgment creditor who brings into this state a foreign judgment is faced with a procedural dilemma. If he avails himself of the simple and speedy process of registration afforded by the Uniform Act, he ends up with a domestic judgment and limited collectibility. To gain broad collectibility he is obliged to suffer the delays and inconvenience of an independent action on the judgment. "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." (Citations omitted.) *Pottetti* v. *Clifford,* 146 Conn. 252, 262, 150 A.2d 207 (1959). A foreign judgment creditor should not be obliged to exchange the convenience of registering a judgment for the effectiveness of recovering the debtor's available assets. In such cases the creditor's bill is ideally suited to afford relief.

The defendant's final claim is that the judgment herein was nullified by postjudgment action taken by the Kentucky court. We would agree if there were an umbilical connection between the Connecticut and the Kentucky judgments. The Connecticut judgment, however, had its own independent life-support system. A domestic judgment enforcing a foreign judgment is not directly affected by subsequent proceedings in the originating state. See *Indemnity Ins. Co.* v. *Smoot,* 152 F.2d 667, 670 (D.C. Cir. 1945). If, on the basis of the subsequent proceedings in the originating jurisdiction, there are

equitable reasons for not enforcing or pursuing the domestic judgment, such issues should be raised in an independent action.    Restatement, Judgments § 44.

There is no error.

In this opinion the other judges concurred.