On July 15, 1971, the plaintiff obtained a judgment by confession against the defendant in the Supreme Court of New York in the amount of $9028. This judgment was never satisfied before the defendant moved from New York to Connecticut. The present action was filed in 1979 and the trial court found that it was brought to obtain a judgment on this judgment in a Connecticut court.[1] The lower court held that the plaintiff was entitled to a judgment of $9028 plus costs and rendered judgment accordingly, from which the defendant has appealed.
The issue here concerns the exclusivity of our Uniform Enforcement of Foreign Judgments Act, which is codified in General Statutes 52-604
through 52609.[2] Section 52-604 defines "foreign judgment" as "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment." Section52-605 authorizes the summary enforcement of a properly registered foreign judgment. That section provides that when a judgment creditor files a certified copy of a foreign judgment in the court in which its enforcement is sought, and certifies that this judgment was not obtained by *Page 470 
default in appearance or by confession of judgment, then "[s]uch foreign judgment shall be treated in the same manner as a judgment of a court of this state . . . ." General Statutes52-605 (b). The parties conceded, and the trial court found, that this statute could not be relied upon here, since the New York judgment was obtained by confession. The defendant's claim, both at trial and in this appeal, is that 52-605 permanently barred the enforcement of this judgment in Connecticut and that the court erred, therefore, by rendering judgment for the plaintiff. This claim ignores the existence of General Statutes52-607, however, which is dispositive of the issue.
The trial court correctly held that 52-607
preserved the common-law right of a judgment creditor to bring an independent action on the judgment.[3] This was a new action that was brought for judgment upon the foreign judgment. This proceeding was not a proceeding under52-605 to enforce the foreign judgment itself Under52-605 a foreign judgment other than one by default of appearance or confession that was duly registered with a Connecticut court could be executed upon locally. These two statutes therefore allow different remedies for a judgment creditor. Overmyer v. Eliot Realty, 83 Misc.2d 694,701-702, 371 N.Y.S.2d 246 (1975); see also McGill v. Robbins, 231 Ark. 411, 413, 329 S.W.2d 540
(1959); Alexander Construction Co. v. Weaver,3 Kan. App. 2d 298, 301, 594 P.2d 248 (1979); Hudson v. Hudson, 569 P.2d 521, 523 (Okla.App. 1976).
The 52-605 proceeding, by which a foreign judgment that is not obtained by default of appearance or confession is treated the same as a judgment obtained in Connecticut, is a codification of the common-law *Page 471 
rule of res judicata. See 2 Freeman, Judgments (5th Ed. 1925) 627, 632. Under the common law, a final judgment that is rendered by a court of competent jurisdiction is conclusive of the rights of the parties in the same or any other judicial tribunal. 2 Freeman, op. cit. 632; see also Springfield Credit Union v. Johnson, 123 Ariz. 319,323, 599 P.2d 772 (1979). The effect of 52-605, therefore, is to establish a foreign judgment that is not obtained by a default in appearance or by confession as a domestic judgment that is conclusive of the defendant's indebtedness. Burchett v. Roncari, 181 Conn. 125, 129,434 A.2d 941 (1980); accord Hospital Service v. Warehouse Production, 102 Misc.2d 872, 424 N.Y.S.2d 647
(1980); Joplin Corporation v. State ex rel. Grimes, 570 P.2d 1161, 1163 (Okla. 1977). Furthermore, the foreign judgment is not subject to collateral attack locally; Joplin Corporation v. State ex rel. Grimes, supra; 1 Freeman, op. cit. 305, 325; see generally Rathkopf v. Pearson,148 Conn. 260, 265, 170 A.2d 135 (1961); but must be given full faith and credit. U.S. Const., art. IV
1; see generally Krueger v. Krueger, 179 Conn. 488,490-91, 427 A.2d 400 (1980), and cases cited therein; Rathkopf v. Pearson, supra; accord Springfield Credit Union v. Johnson, supra; Overmeyer v. Eliot Realty, supra.[4]
Under 52-607 a foreign judgment creditor who could or did not rely upon 52-605 can still proceed by an independent action on the foreign judgment, since this remedy remains unimpaired under the statutory *Page 472 
scheme. This independent action on the foreign judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void. Rathkopf v. Pearson, supra, 265; 1 Freeman, op. cit. 305, 325. No such attack could be made, however, if the judgment creditor sought to proceed under 52-605
on a foreign judgment meeting the requirements of that statute. Burchett v. Roncari, supra.
We conclude that the plaintiff's action to recover a debt was preserved by General Statutes52-607, and that the defendant's failure to attack the New York judgment in the trial court entitled the plaintiff to recovery.[5]
 There is no error.
In this opinion BIELUCH and COVELLO, Js., concurred.