## Bowcar Mfg. Co. v. Bergman

*Alfonso M. Salazar,* for plaintiff.
*Edwin E. Thompson,* for defendant.

VOGEL, *P.J.*, August 11, 1987—This matter is before the court in the form of plaintiff, Bowcar Manufacturing Company's petition to vacate a stay of execution granted by the undersigned pursuant to an order of September 22, 1986. Upon review of the record, and after careful consideration of the arguments ably set forth in the briefs of counsel and at oral argument on April 29, 1987, this court is constrained to deny plaintiff's petition.

## FACTS AND PROCEDURAL HISTORY

The facts may be summarized as follows. Defendant signed a promissory note rendering her personally liable as guarantor of the debts of Peter Piper Inc. That corporation subsequently defaulted on its obligations and, pursuant to a confession of judgment clause in the promissory note, judgment was entered against defendant in the Supreme Court of the state of New York on or about March 28, 1986. The total judgment, including costs and fees, stands at $271,050.

Pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 P.S. §4306, plaintiff transferred the judgment to this court, where it was duly recorded on July 9, 1986. However, on July 1, 1986, plaintiff instituted an action in the United States District Court for the Eastern District of Pennsylvania to recover the same monetary damages as embodied in the judgment originally obtained by confession in the New York court. Defendant filed an answer, new matter, and counterclaim in the federal action, thereby contesting the validity of the promissory note confessed in New York in March 1986. We are advised in connection with the instant motion that plaintiff has withdrawn the federal action.

Defendant instituted a plenary action in New York in December 1986. In that proceeding, defendant sought an order vacating and setting aside the March 28, 1986, judgment, and further sought to stay of all proceedings to enforce or collect the judgment. The New York court issued a rule to show cause why the judgment should not be vacated, but struck out that portion of defendant's proposed order concerning defendant's request for a stay of execution.

In September 1986, defendant filed a petition to stay levy and execution in this court. By an order dated September 22, 1986, the undersigned granted the requested stay " . . . until further order of this court at the request of either party, . . . ." and directed that defendant not dispose of any real or personal property pending resolution of this matter.

## DISCUSSION

Plaintiff argues (1) that the New York judgment was properly transferred to this jurisdiction in accordance with the act, (2) that there is presently no stay of execution in New York pursuant to the New York court's December 1986 order, and (3) that the federal action has been withdrawn. Thus, in plaintiff's view, inasmuch as defendant's assets would be subject to levy and execution in New York, if such assets existed there, and since the judgment was properly transferred to this jurisdiction, defendant's Pennsylvania assets should likewise be subject to execution without further delay. Plaintiff also asserts that defendant is currently attempting to dispose of assets which may be subject to levy and execution in this jurisdiction.

Defendant concedes that the judgment was properly transferred to this jurisdiction. However, defendant points to the fact that the New York action

instituted by her (in an attempt to vacate the underlying New York judgment) is still pending before the New York court. Thus, in defendant's view, the stay of levy and execution granted by this court should continue based on equitable grounds until the New York action is concluded. Our Supreme Court's decision in *Everson v. Everson,* 494 Pa. 348, 431 A.2d 889 (1981) is cited in support of this proposition. Defendant admits that she is presently in the process of selling certain real property to a third party, but asserts that this sale is being conducted with full knowledge of plaintiff pursuant to an escrow agreement drafted by plaintiff's local counsel. Thus, according to defendant, the net proceeds from any sale of her real property will be placed in escrow with plaintiff's local counsel pending the conclusion of the New York action.

Stated simply, the issue presently before this court is whether the pendency of an action filed in the rendering state court subsequent to a valid transfer of judgment pursuant to the act compels the grant of a stay of levy and execution in the transferee state. Complicating our determination of this primary issue is the corollary issue of the effect of the rendering state court's explicit refusal to grant a stay of levy and execution on assets located in the rendering jurisdiction, despite the pendency in that state of an action to vacate the judgment.

In *Everson v. Everson,* supra, our Supreme Court determined that a Pennsylvania action on a judgment rendered in an Arizona trial court and thereafter transferred to Pennsylvania was not precluded pending the outcome of an appeal in Arizona. However, the *Everson* court went on to hold that execution on the transferred judgment would be stayed on equitable grounds due to proceedings in Arizona which occurred after the judgment creditor's trans-

fer of the judgment to Pennsylvania. In sum, while the judgment debtor's *liability* had been finally determined in the Arizona courts, the *amount* of the actual award, and a fortiori, the amount of the transferred judgment, might have been "substantially different" depending on the outcome of the appeal proceedings then pending in the Arizona appellate courts. Id. at 360, 431 A.2d at 895. Therefore, the *Everson* court remanded the case to the Pennsylvania trial court and directed the entry of a stay of execution until such time as the Arizona trial court complied with the mandate of the Arizona appellate court and entered a "new" judgment determining the amount of the judgment debtor's obligation.

In so holding, our Supreme Court recognized the general rule that where, as in the case sub judice, a party has moved in the rendering state to vacate the judgment:

" . . . the mere fact that a party has made a motion in the [rendering] trial court to vacate the judgment . . . *does not deprive the judgment of its conclusive effect in another action between the parties.* Where an execution is issued under a judgment which is subsequently *amended or modified,* regularity may be imparted to the execution by an amendment of the judgment on which it is based and by its entry nunc pro tunc." *Everson,* supra, at 358, 431 A.2d at 894, (emphasis added), citing Restatement of Judgments §41 (1942); 30 Am. Jur. 2d Executions §§12-13 (1967).

The *Everson* court also recognized that a state is required to give full faith and credit to a money judgment rendered in a civil suit by a sister state even where the judgment may violate the policy or law of the transferee state Id. at 356, 431 A.2d at 896.

Arguably, the portion of *Everson* quoted above may be characterized as obiter dictum inasmuch as *Everson* concerned the effect of an unbonded *appeal* from a trial court judgment in the rendering state as opposed to the effect of a plenary action (in the form of a motion to vacate) filed in the rendering state. Dictum or not, neither the rationale espoused in the passage quoted above nor the secondary authority cited in support thereof addresses the obvious problems and potential inequities engendered when an execution is issued on the strength of a judgment which is subsequently *vacated* or stricken in toto by the court in the rendering state, as opposed to merely " . . . amended or modified." Id. at 358, 431 A.2d at 894.

In our view, the act does not contemplate or require slavish adherence to its terms when injustice or inequity is likely to be occasioned thereby. We believe that our Supreme Court would share this view based upon the following excerpt from *Everson,* supra:

"While enforcement of the Arizona judgment was technically permitted by the [act], *general principles of law* relating to the enforcement of judgments suggest that execution on the . . . judgment be stayed on *equitable grounds* due to the proceedings in Arizona subsequent to [the judgment creditor's] transfer of the judgment to Pennsylvania." Id. at 359-60, 431 A.2d at 895. (emphasis added). See also, *Burchett v. Roncari,* 181 Conn. 125, 434 A.2d 941 (1980) (if, based on subsequent proceedings in rendering jurisdiction, there exists equitable reasons for not enforcing transferred judgment, such issue is properly raised in independent action); 31 A.L.R. 4th 706, 730.

In so holding, we are not unmindful of plaintiff's need to protect the sanctity and, indeed, the present

(albeit, potential) enforceability of its transferred judgment. For this reason we reimpose our prohibition on the sale or other diposition of any of defendant's real or personal assets without leave of court. We also note that our holding today leaves plaintiff in no worse position vis-a-vis other judgment creditors, if any, who may possess prior or subsequent judgment or mortgage liens. Moreover, based upon the representations of local counsel for defendant, we are likewise mindful of the present escrow arrangement between the parties whereby plaintiff stands to collect the proceeds from the sale of defendant's real property pending the disposition of the New York litigation.

Finally, we address the corollary issue of the effect of the New York court's refusal to grant a stay of execution proceedings with regard to any of defendant's assets which might be found in New York. Defendant correctly asserts that this order appears to render any such assets the proper subject of levy and execution to the extent that they may be found within New York. However, in our view, that order has no impact upon either this court's obligation to regulate execution proceedings conducted within its jurisdiction, or upon its power to issue a stay of proceedings based on equitable grounds. See *Everson,* supra.

Based on the foregoing reasons, we deny plaintiff's petition to vacate the stay of levy and execution granted by this court.

## ORDER

And now, this August 11, 1987, upon review of the record, and after consideration of the arguments set forth in the briefs of counsel and at oral argument on April 29, 1987, plaintiff's petition to vacate

the stay of execution entered by this court pursuant to the order of September 22, 1986, is respectfully denied.

Defendant, Esther Bergman, is hereby prohibited from disposing of any real, business or personal assets located within this jurisdiction pending resolution of the action now pending in New York, except upon prior leave of court.