[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION OF DEFENDANT TO DISMISS ACTION AND VACATE JUDGMENT (Pleading #105)
The plaintiffs initiated this proceeding by filing with this court an "application for registration of foreign judgment." A copy of the application was mailed by counsel to defendant Eugene K. Laff. Thereafter, Eugene K. Laff filed a "motion to dismiss action and vacate judgment".
Eugene K. Laff claims that the foreign judgment was obtained by default in appearance and therefore cannot be treated as a judgment of this court under the Uniform Enforcement of Foreign Judgments Act. Gen. Stat. 52-604 et seq. The plaintiffs, on the other hand, contend that the New York judgment is valid and enforceable under the terms of the CT Page 4000 Uniform Act. They claim that the defendant consented to the jurisdiction of the New York Court under the terms of an arbitration agreement, that the defendant's appearance before an arbitration panel carried over into the New York court proceeding brought to confirm the award, and that the defendant had actual knowledge of the New York court proceeding.
The Uniform Enforcement of Foreign Judgments Act provides a simple and speedy process for registering in this state a foreign judgment which has not been obtained by default in appearance or confession of judgment. Registration has the effect of establishing the foreign judgment as a judgment of this state without requiring an independent law suit. Burchett v. Roncari, 181 Conn. 125, 129 (1980).
Section 52-604 of the Uniform Act defines "foreign judgment" as "any judgment decree or order of a court. . . except one obtained by default in appearance or by confession of judgment." Section 52-605 requires the judgment creditor to file in this court "a certification that the judgment was not obtained by default in appearance or by confession of judgment . . . ."
The affidavit annexed to the plaintiffs' petition fails to certify that the judgment was not obtained by default in appearance or by confession of judgment. The affidavit merely recites that the arbitration award was confirmed by the Supreme Court of the State of New York, that the defendants in the arbitration proceeding were represented by counsel at the time of the award, and that the defendant did not contest the confirmation proceedings. This is not sufficient.
The certified copy of the New York judgment which has been filed in this court in accordance with 52-605 indicates that the defendants "defaulted on said motion to confirm the arbitration award". The judgment file also indicates the proceedings were conducted pursuant to 7510 of the Civil Practice Law and Rules of New York. This provision of the New York Law is similar to the Connecticut statute which provides for the confirmation of arbitration awards. Gen. Stat.52-417. The New York Law, like the Connecticut law, provides for the filing of an application in court. The New York judgment file states that the defendant defaulted on said motion. Under the circumstances, I must conclude that the judgment was obtained by default in appearance.
The defendant Eugene K. Laff is granted the following relief: the registration of the judgment in Connecticut under the Uniform Enforcement of Foreign Judgments Act is vacated CT Page 4001 and these proceedings are dismissed. The plaintiff may, of course, pursue those rights of action preserved by 52-607.
George N. Thim, Judge.