[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION IN RE PLAINTIFF'S EQUITABLE CLAIMS
John Hychko owns a tract of land in Wolcott, Connecticut and in this lawsuit sued Thomas DiDomizio and his wife, JoAnne, who both own a contiguous parcel. In this action, Hychko claims that the DiDomizio breached the provisions of a stipulated judgment entered into by the parties and approved by this court in an earlier lawsuit brought by the DiDomizio against John Hychko and his then partner, the late Howard Matzkin. The stipulated judgment, as amended, provided inter alia that the DiDomizio were to build a road over their land and that the intended roadway was CT Page 3325 to be of service to the land now owned entirely by John Hychko.
Although Mr. Hychko filed contempt motions in the earlier litigation to enforce the provisions of the stipulated judgment, those motions were not pursued in favor of the claims presented here for breach of the stipulated judgment.[1]
The claim for money damages was tried before a jury on the theory of the breach of the provisions of the stipulated judgment. In describing this claim, Hychko alleged in part that his "land is worth far less than it would be worth if [he] had access to his land across the road which the defendants agreed to construct, and plaintiff's potential for developing his land has been greatly reduced or destroyed." Complaint, March 18, 1986, paragraph 9. Not only did the DiDomizio deny this claim, but they also set up two special defenses: first, that any delay in constructing the road was "occasioned" by Hychko himself negotiating, post the entry of the stipulated judgment, with the DiDomizio to construct an industrial park involving their two parcels of land; and second, Hychko failure to mitigate damages.
Hychko's claim for monetary damages was fully tried before a jury with conflicting evidence not only as to what occurred between the parties affecting the DiDomizio' road building obligation pursuant to the stipulated judgment, but also the monetary value of Hychko's loss in not having the benefit of the road. See Judge's Charge dated January 31, 1991, particularly pages 8-11 on the chronology of events revealed by the evidence and pages 27-35 on damages. On January 1, 1991, the jury rendered a verdict for $10,000 on the monetary damage claim, which the court accepted.
Now, after a full jury trial in which conflicting evidence concerning post stipulated judgment events and the value of Hychko's loss has been fully presented to the jury, Hychko, in addition to prevailing on his damage claim, would have us in equity compel the building of the road.[2] — We decline.
In this litigation, Mr. Hychko sought to be made whole for not having received the benefit of the road that DiDomizio were obligated to construct under the provisions of the stipulated judgment. The jury, under our supervision, heard all of the conflicting evidence as to the monetary values and the legal duties of the parties, and then award Hychko $10,000 damages. — We have not been persuaded, post verdict, to conclude that this award on the body of the evidence is anything but just.
The jury trial demonstrates to us in the wake of Hychko's CT Page 3326 present claims in equity that he has had an adequate remedy in the law of money damages to satisfy this claim. Burchett v. Roncari,181 Conn. 125, 129 (1980). We conclude that there is no compelling reason for us to grant any equitable relief. See generally Berlin v. Olson, 188 Conn. 337, 342-43 (1981).
The judgment previously entered upon the $10,000 verdict is confirmed and Hychko's claims in equity tried courtside are denied.
Orders may enter accordingly.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court