**In re INFILTRATOR SYSTEMS, INC., Debtor.**

**No. 98–20488.**

United States Bankruptcy Court, D. Connecticut.

Aug. 4, 2000.

Christopher J. Hug, Robinson & Cole LLP, Hartford, CT, for debtor.

Brian C. Courtney, Brown, Rudnick, Freed & Gesmer, Hartford, CT, for Mike Carter Construction, Inc.

Marjorie R. Gruszkiewicz, The Marcus Law Firm, New Haven, CT, for Mi–Lyn, Inc.

## RULING ON OBJECTION TO NOTICE OF TRANSFER OF CLAIM FOR SECURITY PURSUANT TO FED. R.BANK.P. 3001(e)(4)

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### ISSUE

At issue in this proceeding is whether a foreign judgment creditor of a claimant who has filed a proof of claim in the debtor's estate may utilize Fed.R.Bankr.P. 3001(e)(4) [1] to effectuate a transfer for security of the claimant's claim to the judgment creditor. The parties have submitted the matter upon a stipulation of facts and briefs. The court, in resolving this issue, also necessarily decides whether a holder of a foreign judgment can create in Connecticut a valid judgment lien on personalty without first making the foreign judgment a Connecticut judgment.

### II.

### BACKGROUND

Mi–Lyn, Inc. ("the claimant") timely filed an amended proof of claim in the

---

1. Rule 3001(e)(4) states as follows:

(4) *Transfer of Claim for Security After Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security after the proof of claim has been filed, evidence of the terms of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court. If a timely objection is filed by the alleged transferor, the court, after notice and a hearing, shall determine whether the claim has been transferred for security. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

amount of $1,381,000 in the Chapter 11 case of Infiltrator Systems, Inc. ("the debtor"). The proof of claim is based upon asserted damages [2] arising from the failure of a drainage system, manufactured by the debtor, at a construction project in Boca Raton, Florida ("the project"). The claimant was a subcontractor on the project, at which Mike Carter Construction, Inc. ("Carter") was the general contractor.

Carter brought suit in Florida against the claimant for breach of contract due to the drainage system failure, and, on November 1, 1999, Carter received a judgment against the claimant for $682,925.90. While an appeal of the judgment by both parties remains pending in the Florida courts, there is no stay of execution of the judgment since the claimant posted no bond.

Carter, on May 22, 2000, filed a "Judgment Lien Certificate" with the office of the Connecticut Secretary of the State, pursuant to Conn.Gen.Stat. § 52–355a.[3] On May 23, 2000, Carter filed a "Notice of Transfer of Claim Pursuant To Rule 3001(e)(4)" ("the Notice") with the clerk of the bankruptcy court. The Notice stated that the transfer was for security purposes, pursuant to a judgment lien certificate, a copy of which was attached.

The claimant's amended proof of claim includes $700,000 for the Carter judgment, $150,000 for monies due from Carter under the subcontract, and $230,000 for lost profits claimed by the project owner. Under an insurance contract with a predecessor of St. Paul Fire & Marine Insurance Company ("St.Paul") Carter, on or about September 11, 1997, received $594,000 from St. Paul, based upon the failed drainage system. Carter simultaneously assigned any claim it held arising from the project to St. Paul. Thereafter, St. Paul sued Carter in Florida to recover the $594,000 in an action which remains pend-

---

**2.** The debtor's objection to the claim remains pending.

**3.** § 52–355a. *Judgment lien on personal property.*

(a) Except in the case of a consumer judgment, a judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any nonexempt personal property in which, by a filing in the Office of the Secretary of the State, a security interest could be perfected under title 42a. The judgment lien shall be created by filing a judgment lien certificate in the office of the Secretary of the State. (b) The judgment lien certificate shall: (1) Be signed by the judgment creditor or his attorney or personal representative; (2) state the names and last-known addresses of the judgment creditor and judgment debtor, the court in which and the date on which the judgment was rendered, and the original amount of the money judgment and the amount due thereon; and (3) describe the personal property on which the lien is to be placed. (c) Any such judgment lien shall be effective, in the same manner and to the same extent as a similar security interest under the provisions of title 42a, for five years from the date of filing, provided the filing shall not give the judgment creditor any right to take possession of the property on which the lien has been placed other than by writ of execution or other judicial process. The lien may be extended for additional five-year periods in the same manner as a financing statement may be extended but shall not be extended beyond the period of enforceability of the judgment. Any such property on which a lien has been placed may be executed against and levied on by the judgment creditor in the same manner as other personal property of the judgment debtor. (d) A judgment lien certificate under this section shall be recorded and indexed in the same manner as financing statements filed with the office of the Secretary of the State pursuant to title 42a. On filing, the Secretary of the State shall provide information as to and copies of any such judgment lien certificate, or any release thereof, in the same manner that information and copies are provided with respect to a financing statement. The Secretary of the State shall charge the same fees for filing, for inspection of, for release of, and for information relating to or copies of, such a judgment lien certificate as are charged with respect to a financing statement and may destroy records of lapsed liens and of releases thereof in the same manner as if such judgment lien certificate was a financing statement.

Conn.Gen.Stat. § 52–355a.

ing. Carter, on January 28, 2000, filed a proof of claim in the debtor's estate, to which the debtor has filed an objection on the basis, *inter alia*, of timeliness of filing.

### III.

### DISCUSSION

### A.

■ The claimant's brief contends that the court should disallow the transfer of its proof of claim to Carter as "not permissible under Rule 3001(e)(4)" for a number of reasons. (Claimant's Brief at 2.) The claimant does not argue that Rule 3001(e)(4) is limited to voluntary transfers, inasmuch as the rule does not mention involuntary transfers. There appears to be no case law directly on point, but a bankruptcy court has ruled that a Chapter 11 trustee was not subject to garnishment by a judgment creditor of a creditor or equity security holder and that the exclusive remedy of the judgment creditor would be to proceed according to the requirements of Rule 3001. *See NVLand, Inc. v. Vogel (In re Ocean Downs Racing Association, Inc.)*, 164 B.R. 249, 256 (Bankr.D.Md.1993) ("Bankruptcy Rule 3001 applies to substitution of claims by holders of judgments obtained against claimants in a bankruptcy case. While the rule appears to address only voluntary assignments and transfers of claims in a bankruptcy estate, the term 'transfer', as defined in Section 101(54) of the Bankruptcy Code, includes 'every mode, direct or indirect, absolute or conditional, *voluntary or involuntary*, of disposing of or parting with property or with an interest in prop-

erty.'") (emphasis in original). *See also* 9 *Collier on Bankruptcy* ¶ 3001.08[1][d] (Lawrence P. King ed., 15th ed. rev.2000) (although R. 3001(e) "does not on its face mention the involuntary transfer of a claim (e.g., by levy and execution) ... such an involuntary transfer would be governed by the rule."). Taking into account this authority, the persuasive reasoning of the *Ocean Downs* court and the lack of any objection from the claimant, the court concludes Rule 3001(e)(4) applies to involuntary as well as voluntary transfers.

### B.

■ The claimant's objection to the transfer primarily focuses on whether and to what extent the liability of the claimant under the Florida judgment is affected by Carter's assignment of its claim to St. Paul. However, the court need not reach that issue because the claimant also questions the validity under Connecticut law of the judgment lien.

The 1991 Advisory Committee Note to Rule 3001(e) describes the court's function following an objection to a notice of transfer. "If a timely objection is filed, the court's role is to determine whether a transfer has been made that is enforceable under nonbankruptcy law. This rule is not intended ... to affect any remedies otherwise available under nonbankruptcy law to a transferor or transferee...."

■ Under Connecticut law, a judgment creditor who brings into Connecticut a foreign judgment can either register the judgment under the Uniform Enforcement of Foreign Judgments Act[4] or commence

---

4. Conn.Gen.Stat. § 52–605 states:

§ 52–605. *Filing of foreign judgment; certification; effect; notice*

(a) A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and

setting forth the name and last-known address of the judgment debtor.

(b) Such foreign judgment shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner.

(C) Within thirty days after the filing of the judgment and the certificate, the judgment

an independent action to establish that judgment as a Connecticut judgment. *See Burchett v. Roncari*, 181 Conn. 125, 129, 434 A.2d 941 (1980). Until one or the other of these procedures is employed, the foreign judgment is in limbo. "The full faith and credit clause ... does not make a sister-State judgment a judgment in another state.... To give it the force of a judgment in another state [a foreign judgment] must be made a judgment there." *Krueger v. Krueger*, 179 Conn. 488, 491, 427 A.2d 400 (1980) (citation and internal quotation marks omitted). Carter does not claim either to have filed an independent Connecticut action on the judgment or to have filed its Florida judgment with a Connecticut court for enforcement of the judgment, in accordance with Conn.Gen. Stat. §§ 52–604 to 52–609 (Uniform Enforcement of Foreign Judgments Act).

The court further notes that § 52–355a requires that a judgment lien certificate be signed by the "judgment creditor" or his representative. Conn.Gen.Stat. § 52–350a, which contains definitions for § 52–355a and other statutes comprising Chapter 906 of the Connecticut General Statutes, in subsection (10) defines a "judgment creditor" as "a person in whose favor a money judgment was rendered," and in subsection (13) defines a "money judgment" as including "any foreign money judgment filed with the superior court pursuant to the general statutes." In addition, in subsection (15), "postjudgment procedure" is defined as "any procedure commenced after rendition of a money judgment, ... involving ... a placing of a lien on property."

In light of the decisional and statutory law cited, § 52–355a necessarily applies only to a Connecticut judgment, so

that the holder of a foreign judgment not made a Connecticut judgment does not create a valid judgment lien by filing the judgment lien certificate. *Cf. Williamson v. Vara*, 1998 WL 855452 (Conn.Super.1998) (An asserted judgment lien is invalid if the holder of a foreign judgment who filed the judgment lien certificate was not in compliance with Conn.Gen.Stat. § 52–605.). Accordingly, the Florida judgment and the judgment lien certificate filed in Connecticut do not suffice to give Carter a valid judgment lien against the claimant's claim under Connecticut law. This being so, Carter cannot utilize Rule 3001(e)(4) to achieve a result not otherwise available to it. The objection of the claimant to Carter's notice of transfer must be sustained, and the transfer for security denied. In view of this conclusion, other objections of the claimant to the transfer need not be considered.

## IV.

### CONCLUSION

For the reasons stated, the objection filed by Mi–Lyn, Inc. to the Notice of Transfer of Claim filed by Mike Carter Construction, Inc. is sustained, and the transfer is denied. It is

SO ORDERED.

---

creditor shall mail notice of filing of the foreign judgment to the judgment debtor at his last-known address. The proceeds of an execution shall not be distributed to the judgment creditor earlier than thirty days after filing of proof of service.
Conn.Gen.Stat. § 52–605.