[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF ALIMONY MOTION TO DISMISS
Defendant Charles W. Reed seeks a modification of the order of periodic alimony that was entered by this court when it dissolved the parties' marriage. Plaintiff Marilow E. Reed, on the other hand, asks this court to dismiss the motion for modification on the ground the defendant is improperly trying to modify a Connecticut judgment that was "domesticated" in Florida. This court concludes that it does have jurisdiction to modify future payments of periodic alimony and modifies the defendant's obligation to $120.00 a week.
 I
The first issue to be addressed by the court is the former wife's motion to dismiss. The following facts are relevant. After a limited-contested hearing, this court, Ballen, J., dissolved the parties CT Page 9439 marriage on September 23, 1991, and, among other things, ordered the defendant husband to pay the plaintiff periodic alimony. At the time, both parties were Connecticut residents. In February of 1996, the former husband moved to Ocala, Florida, and unilaterally decreased the amount of the periodic alimony payments. He still resides in Florida.
In 1996, the former wife petitioned the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, to domesticate and enforce the Connecticut judgment. The Florida court granted the petition. In it's final judgment, issued August 24, 1998, the Florida court adjudged "The Connecticut Memorandum of Decision dated September 23, 1991, is domesticated." See Exhibit Plaintiff's Exhibit A. At the same time, the Florida court found that "The Former Husband is not entitled to a modification of his court-ordered alimony. . . ." The court adjudged the former husband in contempt of court, found that he had no current ability to comply with a civil purge order, ordered him to take undertake a search for employment, and denied the former wife's motion for legal fees.
In January and February of 2001, the parties were again before the same Florida court. On February 6, the Florida court found that "The Former Husband willfully failed to comply with the Court's order entered in 8-24-98 by: FAILING TO PAY ALIMONY," and further found that "as of 01-02-01, the Former Husband owes . . . $59,160.00 for alimony. . . ." See Plaintiff's Exhibit D. The former husband was adjudged guilty of civil contempt and allowed to purge the contempt by paying $2,000.00, which he did.
In March of 2001, the former husband obtained from this court an order for a hearing on a motion for modification of alimony. At the commencement of the evidentiary hearing on the motion for modification, the defendant filed a motion to dismiss, which this court denied. The defendant asks this court to again address the motion to dismiss.
The plaintiff contends that this court does not have jurisdiction to hear the motion to modify alimony because (1) the defendant has not followed the procedures set forth in General Statutes § 46b-70 etseq., and (2) this court is an inconvenient and improper forum. With respect to the first contention, the cited statutes provide a mechanism for a person to enforce a foreign matrimonial judgment. The defendant, however, does not seek to enforce a foreign judgment. He seeks to modify a Connecticut judgment. General Statutes § 46b-86(a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside altered or modified by said court upon a showing of a substantial change in the CT Page 9440 circumstances of either party. . . ." The plaintiff claims that this court has lost the power to modify its judgment; she argues "where a full embrace of the Connecticut judgment was accomplished by the Florida Judgment, the Florida Court, then and now, has secured exclusive jurisdiction over the parties." Plaintiff's Memorandum of June 7, 2001, at p. 2. No authority is cited for this proposition.
The decision of a state recognizing a judgment from another state does not effect the validity of the judgment in the state that first entered judgment. See Westend Development Co. v. Westend Amusement Corp., (La.App. 5 Cir. 1992) 594 So.2d 553, writ denied 596 So.2d 210. The part of the Connecticut decree that established the arrearage on the accrued installments of alimony was a final judgment that had to be accorded full faith and credit by Florida. It was final because the accrued installments of alimony were not subject to modification under Connecticut law. Likewise, the Florida court's finding with respect to the arrearage is a final judgment to which this court must accord full faith and credit. Krueger v. Krueger, 179 Conn. 488, 491, 427 A.2d 400
(1980) (Opinion discusses full faith and credit clause of federal constitution). The part of the Connecticut decree relating to future installments of alimony is not a final judgment that is subject to enforcement under the full faith and credit clause since that part is subject to modification under Connecticut law. See General Statutes § 46b-86(a). The Florida court was, nevertheless, free to enforce that part of the decree as a matter of comity. An examination of the Florida judgment, Plaintiff's Exhibit A, shows that the court adopted the modifiable part of the decree, i.e. the court adopted the entire memorandum of decision. Both Connecticut and Florida may now modify the judgment as it pertains to future payments of periodic alimony. Contrary to the plaintiff's claim, the defendant need not register the Florida judgment under General Statutes § 46b-70 et seq. in order to give this court jurisdiction to modify its judgment.
The plaintiff's also argues that Connecticut is an "inconvenient and improper forum." This claim is based in on her assertion that "there is a matter pending in the State of Florida effecting the parties to this case and the issues raised in the defendant's Motion to Modify." See Plaintiff's Memorandum of April 12, 2001. While there have been court proceedings in Florida, the plaintiff has not persuaded this court that a modification proceeding is presently pending in Florida. As to the convenience of this forum, the scales appear to be evenly balanced on this issue. Since the plaintiff lives in Connecticut, this forum rather than Florida should be more convenient to her.
Based on the foregoing, the court reaffirms its decision denying the defendant's motion to dismiss the motion to modify future alimony CT Page 9441 payments.
 II
The following facts are relevant to the modification issue. At the time of the divorce, the court issued the following order:
 The husband shall pay periodic weekly alimony of $310.00 to the plaintiff for a period of twelve years, or until her death, remarriage or cohabitation under law, whichever event shall first occur. An immediate wage execution shall issue to ensure said payments. The defendant shall further pay as additional alimony 10% of any wage increase or bonuses over and above his 1991 gross salary.
The defendant's twelve year obligation to pay alimony ends in September of 2003.
At the time the divorce judgment was entered on September 23, 1991, the defendant was a project engineer at General Datacom where he was earning an annual gross income of $86,200.00. He was in charge of ensuring that the modems that his company manufactured were in compliance with the telephone line requirements of the countries where the modems were sold. He claims that in 1996 his expertise was no longer needed by General Datacom and he was forced to leave the company. He has searched for an engineering or managerial position in Florida and claims to have contacted over 125 companies in the greater Ocala area. Since 1996, he has earned an income by performing electrical and plumbing work for homeowners. For the past four years, he reported business income on his federal tax returns from $10,727.00 to $12,015.00 a year. He lives with his son and uses a motor scooter for transportation. He has an abdominal hernia for which he will need to undergo an operation. His current gross weekly income is $232.52. He expects to earn $15,000.00 this year.
The plaintiff was not employed at the time of the divorce. In 1998, she earned $18,785.00 as a nurse's aide. She reports that she did not earn an income last year. Since January 2, 2001, she has been working part time. Her current weekly income is $273.00. She lives with her mother and shares the household expenses. She suffers from diabetes.
Upon considering the evidence, the court finds that a substantial change of circumstances has occurred. The court has considered the statutory factors and concludes that the defendant's weekly alimony obligation should be reduced to $120.00 effective March 31, 2001, which is the date the motion to modify alimony was served on the plaintiff. CT Page 9442 This decision is not meant to effect previous findings by the Florida court with respect to an arrearage or payments thereon.
It is so ordered.
THIM, J.