[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action in which plaintiff caused to be served on defendant a notice to quit premises at 11 Soundbreeze Avenue, Groton Long Point, Connecticut, by October 25, 2002. The reason cited in the notice was "no right to occupy." A complaint was filed by plaintiff on December 4, 2002 in which it is alleged that plaintiff and defendant took possession of the premises upon their marriage, that defendant once had a legal right to occupy the premises, she no longer has such right and she still occupies the premises.
For reasons hereinafter stated, this summary process action is dismissed.
On January 15, 2000, defendant filed an answer which denies the essential allegations of the complaint. Defendant has also interposed two special defenses. The first special defense is that plaintiff and defendant are husband and wife and that defendant is entitled to espousal immunity in regard to the action. The second special defense alleges that there is currently a protective order issued by the Superior Court, G.A. 10, restraining plaintiff from entering the subject premises. Plaintiff, although incorrectly described therein, filed a reply denying the allegations of the special defenses. On February 18, 2003, the parties entered into the following stipulation of facts:
(1) The parties married on October 11, 2000 and are currently husband and wife.
(2) During April 2001, the plaintiff herein filed a divorce action as against the defendant herein in the Hampden County Probate and Family Court in Springfield, Mass. bearing Docket Number OID-0325.
(3) That thereafter the parties resided as husband and wife at 11 Soundbreeze Avenue, Groton Long Point, Connecticut. CT Page 3298
(4) That during March 2002, the plaintiff herein was arrested for spousal abuse and upon his presentation at G.A. 10, a protective order was issued as against him, in part restraining him from entering the dwelling at 11 Soundbreeze Avenue, Groton Long Point, Connecticut.
(5) That the plaintiff filed, in his divorce action pending in Mass., an ex parte motion seeking in part exclusive occupancy of the dwelling at 11 Soundbreeze Avenue, Groton Long Point, Connecticut.
(6) That on 4/17/02, the Hampden County Probate and Family Court issued temporary orders granting the plaintiff herein in part exclusive occupancy pursuant to his ex parte motion.
(7) There was no mention of the protective order in his motion or affidavit.
(8) Neither party was present when the ex parte motion was granted.
(9) That the defendant herein has since retained counsel in the divorce action, and that counsel has filed a motion to vacate the temporary order granting the plaintiff herein exclusive occupancy.
The parties further stipulated to the following issues:
(1) Is the defendant entitled to spousal immunity in a summary process action?
(2) Does this court have jurisdiction over the subject matter involved herein?
(3) Is the temporary order of exclusive occupancy of the subject premises entitled to full faith and credit/comity?
By their stipulation, the parties have raised the question as to whether the court has jurisdiction over the subject matter involved here. "[A] claim that (the) court lacks subject matter jurisdiction (may be raised) at any time." (Internal quotation marks omitted.) Dowling v.Slotnik, 244 Conn. 781, 787 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, (it) must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4 (1996).
The notice to quit appended to the complaint identifies the tenant CT Page 3299 and/or occupant as defendant. The premises are identified and the notice states, "I hereby terminate your lease and give you notice that you are to quit possession or occupancy of the premises described above and now occupied by you on or before 10/25/02" for the following reasons. "No right to occupy." Plaintiff was named as the landlord.
Proceedings in summary process are in derogation of the common law. For this reason, the statute granting summary process has been narrowly construed and strictly followed. Jo Mark Sand Gravel Co. v. Pantangella,139 Conn. 598, 600-01 (1953).
Connecticut General Statutes § 47a-23 sets forth the grounds which the legislature has enumerated for an owner or lessor to terminate the possession or occupancy of a dwelling unit. Service of a notice to quit possession of the premises citing the statutory reasons is a condition precedent to a valid summary process action. The allegations of the notice to quit must be proven in order to obtain a judgment for possession.Housing Authority v. Hird, 13 Conn. App. 150, 155 (1988).
The reason by which plaintiff sought possession was stated in the notice to quit as "no right to occupy." This reason does not directly comport with the language found in § 47a-23. The statute does state as grounds for termination "(3). When one originally had the right or privilege to occupy such premises but such right or privilege has terminated." The second paragraph of the complaint contains language very close to the statutory language. Defendant claims that the variance between the notice to quit and the complaint is fatal and deprives the court of jurisdiction.
In Southland Corporation v. Vernon, 1 Conn. App. 439 (1984), the appellate court considered a situation where the notice to quit did not directly follow the statutory language. In that case, the defendant was in possession under a franchise agreement which the plaintiff had terminated, the statement was found to be adequate. The court reasoned that it was incomprehensible that under the circumstances defendant did not know that appropriate statutory grounds were being raised. The court reasoned that to hold to the contrary would be "the height of hypertechnicality." Id. 454.
In this case, the notice to quit was served on October 8, 2002, six months after the issuance of the temporary order of the Massachusetts court. This order, however, was issued ex parte with neither party in attendance. Although the stipulation indicates that defendant has retained counsel in the divorce action and has moved to vacate the temporary order of exclusive residency, there is nothing, either in the CT Page 3300 stipulation, the pleadings or in any of the documents filed as to when defendant received notice of the temporary order. On this issue, plaintiff has the burden of proof.
If the notice to quit was served prior to defendant receiving notice of the temporary order, she would have insufficient knowledge of the statutory grounds upon which plaintiff was relying. Under such circumstances, the reasoning of the court in Southland Corporation v.Vernon, supra, 1 Conn. App. 454, would not apply. In view of the evidence, or lack of evidence before the court, it must be found that the notice to quit is defective and the court is without jurisdiction.
Summary process is a statutory proceeding normally involving a situation where there is a lease or tenancy situation with a defendant in possession of a premises as a result of a contract. The process is designed to be summary with short responses for pleadings.
Formerly and before the merger of courts, where the landlord's case necessarily involved complex issues which did not appear to fall into the category of simple, uncomplicated issues, a summary process action was subject to dismissal. Sigros v. Hygienic Restaurant, Inc.,38 Conn. Sup. 518 (1982). At present, under the current statutory scheme, the existence of complicated questions does not necessarily require dismissal of summary process actions. The court must exercise discretion as to whether the case should remain on the housing docket.Southland Corporation v. Vernon, supra, 1 Conn. App. 445-51.
This case involves a contested divorce action pending in another state, which appears to have inpersonam jurisdiction over both parties. That court is uniquely equipped to render a final judgment on the complex issues which are likely to arise in such litigation. There is no lease in this case. The question involves the proper allotment of marital assets.
The case is further complicated by the protective orders designed to prevent spousal abuse.
The issues involved here render the case not appropriate for action under the summary process statute.
The temporary order of the Massachusetts court is not entitled full faith and credit under any theory since this is not a final judgment and is subject to modification by that court. Krueger v.Krueger, 179 Conn. 488, 490 (1980).
Accordingly, the action is dismissed.
 Joseph J. Purtill Judge Trial Referee
CT Page 3301
[EDITORS' NOTE: This page is blank.] CT Page 3302