OPINION OF THE COURT
Martin Rodell, J.
By order to show cause dated November 19, 1979 the defendants have moved for an order directing the plaintiffs judgment creditors to execute and deliver to them a satisfac *873 tian piece of a certain judgment heretofore recovered by the plaintiffs against the said defendants.
It appears that on April 5, 1976 the plaintiffs recovered a judgment against the defendants in the sum of $106,290.64. On November 4, 1976 the said judgment was filed and recorded in the office of the Clerk of the County of Queens. The judgment was docketed pursuant to CPLR article 54. CPLR 5402 (subd [b]) provides: "Status of foreign judgments. The clerk shall treat the foreign judgment in the same manner as a judgment of the supreme court of this state.” The rule is well settled that once a judgment is filed it becomes the equivalent of one rendered by the New York Supreme Court. However, this is for the purpose of enforcement. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR 5402, C5402:2, p 505.) To do otherwise would be an unlawful interference with the full faith and credit standards as enunciated by the Supreme Court of the United States. (Mansfield State Bank v Cohn, 95 Misc 2d 326.)
It is undisputed that rule 4:42-ll(a) of the rules governing the courts of the State of New Jersey provides that judgments should bear simple interest in the amount of the award of 8% per annum from the date of entry, except as otherwise ordered by the court.
The issue raised by the defendants is that once the judgment is filed in our State the interest due on said judgment is limited by the legal statutory ceiling of 6%. The tender in satisfaction to judgment encompasses this rate of interest and not the interest as provided for in the State of New Jersey.
The court finds that this tender is insufficient to warrant a direction by the court for a satisfaction piece. Implicit in this determination is a finding by the court that the statutory interest provided for by the State of New Jersey is binding upon the parties.
CPLR 5407 provides "This article shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact these provisions.” It is apparent that it was the intention of the Legislature in enacting this section to create a sense of uniformity and preclude diversity of interpretation among the various States.
The rate of interest applicable to judgments or contracts is a State function. It is apparent how deleterious it would be to the market place if a judgment creditor could file a judgment in a sister State and demand that the debtor pay a greater *874 rate of interest than originally called for. On the other hand, it would be unacceptable for a judgment creditor to be deprived of his interest if the rate of the sister State is lower.
At the time of the commencement of this action in New Jersey the litigants were aware of the rate of interest charged in that State. That they would not be subjected to laws of other States was certainly within the contemplation of the parties. For the foregoing reasons the court finds that the interest rate of the State of New Jersey must obtain.
The motion is denied by reason of the defendants’ failure to tender an amount sufficient to satisfy the judgment.