SEABOARD SURETY COMPANY *v.* LAWRENCE
N. WATERBURY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1204

Argued February 24 – decided September 3, 1982

*Lawrence N. Waterbury,* pro se, the appellant (defendant).

*Jack L. Grogins,* for the appellee (plaintiff).

---

DALY, J. On July 15, 1971, the plaintiff obtained a judgment by confession against the defendant in the Supreme Court of New York in the amount of $9028. This judgment was never satisfied before the defendant moved from New York to Connecticut. The present action was filed in 1979 and the trial court found that it was brought to obtain a judgment on this judgment in a Connecticut court.[1] The lower court held that the plaintiff was entitled to a judgment of $9028 plus costs and rendered judgment accordingly, from which the defendant has appealed.

The issue here concerns the exclusivity of our Uniform Enforcement of Foreign Judgments Act, which is codified in General Statutes §§ 52-604 through 52-609.[2] Section 52-604 defines "foreign judgment" as "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment." Section 52-605 authorizes the summary enforcement of a properly registered foreign judgment. That section provides that when a judgment creditor files a certified copy of a foreign judgment in the court in which its enforcement is sought, and certifies that this judgment was not obtained by

---

[1] The complaint in its prayer for relief merely sought a weekly order and stated that the matter in demand exceeded $7500. The trial court concluded, however, that what the plaintiff was actually seeking was a Connecticut judgment on the New York judgment.

[2] In 1973, Connecticut adopted the 1964 revised version of the Uniform Enforcement of Foreign Judgments Act promulgated by the National Conference of Commissioners on Uniform State Laws; 13 U.L.A. 171, 173–179 (1975); although our version differs in certain material respects central to this appeal. See Public Acts 1973, No. 73-498. Our version gives different treatment to judgments obtained by confession or by default in appearance, as does the New York act. See N.Y. Civ. Prac. Law §§ 5401–5402 (McKinney 1978). Since there are no reported Connecticut cases that have directly construed the act, however, the case law of the twenty jurisdictions adopting the 1964 act must be consulted to promote the goal of uniform interpretation. General Statutes § 52-608; see note, 72 A.L.R.2d 1255; see generally 28 U.S.C. 1963.

default in appearance or by confession of judgment, then "[s]uch foreign judgment shall be treated in the same manner as a judgment of a court of this state. . . ." General Statutes § 52-605 (b). The parties conceded, and the trial court found, that this statute could *not* be relied upon here, since the New York judgment was obtained by confession. The defendant's claim, both at trial and in this appeal, is that § 52-605 permanently barred the enforcement of this judgment in Connecticut and that the court erred, therefore, by rendering judgment for the plaintiff. This claim ignores the existence of General Statutes § 52-607, however, which is dispositive of the issue.

The trial court correctly held that § 52-607 preserved the common-law right of a judgment creditor to bring an independent action on the judgment.[3] This was a new action that was brought for judgment upon the foreign judgment. This proceeding was not a proceeding under § 52-605 to enforce the foreign judgment *itself.* Under § 52-605 a foreign judgment other than one by default of appearance or confession that was duly registered with a Connecticut court could be executed upon locally. These two statutes therefore allow different remedies for a judgment creditor. *Overmyer* v. *Eliot Realty,* 83 Misc. 2d 694, 701-702, 371 N.Y.S.2d 246 (1975); see also *McGill* v. *Robbins,* 231 Ark. 411, 413, 329 S.W.2d 540 (1959); *Alexander Construction Co.* v. *Weaver,* 3 Kan. App. 2d 298, 301, 594 P.2d 248 (1979); *Hudson* v. *Hudson,* 569 P.2d 521, 523 (Okla. App. 1976).

The § 52-605 proceeding, by which a foreign judgment that is not obtained by default of appearance or confession is treated the same as a judgment obtained in Connecticut, is a codification of the common-law

[3] "[General Statutes] Sec. 52-607. OTHER RIGHTS OF ACTION PRESERVED. The right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint instead of proceeding under sections 52-604 to 52-609, inclusive, remains unimpaired." For an excellent discussion of the common-law proceeding and the development of the Uniform Act, see Leflar, "The New Uniform Foreign Judgments Act," 3 Ark. L. Rev. 402 (1949).

rule of res judicata. See 2 Freeman, Judgments (5th Ed. 1925) §§ 627, 632. Under the common law, a final judgment that is rendered by a court of competent jurisdiction is *conclusive* of the rights of the parties in the same or any other judicial tribunal. 2 Freeman, op. cit. § 632; see also *Springfield Credit Union* v. *Johnson,* 123 Ariz. 319, 323, 599 P.2d 772 (1979). The effect of § 52-605, therefore, is to establish a foreign judgment that is not obtained by a default in appearance or by confession as a domestic judgment that is conclusive of the defendant's indebtedness. *Burchett* v. *Roncari,* 181 Conn. 125, 129, 434 A.2d 941 (1980); accord *Hospital Service* v. *Warehouse Production,* 102 Misc. 2d 872, 424 N.Y.S.2d 647 (1980); *Joplin Corporation* v. *State ex rel. Grimes,* 570 P.2d 1161, 1163 (Okla. 1977). Furthermore, the foreign judgment is not subject to collateral attack locally; *Joplin Corporation* v. *State ex rel. Grimes,* supra; 1 Freeman, op. cit. §§ 305, 325; see generally *Rathkopf* v. *Pearson,* 148 Conn. 260, 265, 170 A.2d 135 (1961); but must be given full faith and credit. U.S. Const., art. IV § 1; see generally *Krueger* v. *Krueger,* 179 Conn. 488, 490-91, 427 A.2d 400 (1980), and cases cited therein; *Rathkopf* v. *Pearson,* supra; accord *Springfield Credit Union* v. *Johnson,* supra; *Overmeyer* v. *Eliot Realty,* supra.[4]

Under § 52-607 a foreign judgment creditor who could or did not rely upon § 52-605 can still proceed by an independent action on the foreign judgment, since this remedy remains unimpaired under the statutory

[4] By providing a procedure for simply converting a properly registered foreign judgment into a Connecticut judgment, § 52-605 is accomplishing the Act's purpose of providing "a speedy and economical method of doing that which it is required to do by the Constitution of the United States. It also relieves creditors and debtors of the additional cost and harassment of further litigation which would otherwise be incident to the enforcement of the foreign judgment." Commissioners' Prefatory Note to the Uniform Enforcement of Foreign Judgments Act, 13 U.L.A. 171, 172 (1975); accord *Alexander Construction Co.* v. *Weaver,* 3 Kan. App. 2d 298, 301, 594 P.2d 248 (1979).

scheme. This independent action on the foreign judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void. *Rathkopf* v. *Pearson,* supra, 265; 1 Freeman, op. cit. §§ 305, 325. No such attack could be made, however, if the judgment creditor sought to proceed under § 52-605 on a foreign judgment meeting the requirements of that statute. *Burchett* v. *Roncari,* supra.

We conclude that the plaintiff's action to recover a debt was preserved by General Statutes § 52-607, and that the defendant's failure to attack the New York judgment in the trial court entitled the plaintiff to recovery.[5]

There is no error.

In this opinion BIELUCH and COVELLO, Js., concurred.

---

[5] Although the defendant stated at oral argument that the judgment by confession was procured under duress, we note that such a direct attack on the judgment should have been made before the New York court. 1 Freeman, Judgments (5th Ed. 1925) §§ 304–307; 3 Freeman, op. cit. §§ 1339-43. Furthermore, the defendant's failure to provide a transcript makes it impossible for us to review the record. Practice Book §§ 3012 (c) and 3060V; *State* v. *Gibbs,* 37 Conn. Sup. 840, 841, 439 A.2d 451 (1981).