[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT (#104)
This case is presently before the court on the motion of defendant Kurt J. Wittek to open the judgment filed by plaintiff Joseph P. Carlucci pursuant to Conn. Gen. Stat.52-604 et seq., the Uniform Enforcement of Foreign Judgments Act. By Certification dated November 6, 1990 and filed in this court on November 15, 1990, Carlucci certifies that "the judgment in the Supreme Court of the State of New York. . .entitled Joseph P. Carlucci, Plaintiff, against Kurt J. Wittek. . .was not obtained by default in appearance or by confession of judgment, that it is fully unsatisfied and the amount remaining unpaid. . .is $182,690.57. . . ." Attached to the Certification is a certified copy of the judgment. Wittek was notified on November 20, 1990 that the New York judgment was filed in the Stamford/Norwalk Judicial District in accordance with Conn. Gen. Stat. 52-604 et seq. The defendant moves to open the judgment, arguing that he has good defenses to the action, that the case was not decided on the merits, and that his failure to plead was reasonable in light of his ongoing dispute with his attorney.
The record reveals the following procedural history relevant to the present motion. The underlying case involves a suit on a promissory note. In May of 1987 the plaintiff instituted an action on the note in Connecticut. This action was withdrawn without prejudice in December of 1988. In that action, the defendant had filed an answer, special defenses, and counterclaim.
In January of 1989, plaintiff commenced an action on the note in New York. Defendant appeared by counsel in that CT Page 5687 action, and stipulated to the jurisdiction of the court. The New York action was commenced by service of a Summons, Notice of Motion for Summary Judgment in Lieu of Complaint and Supporting Affidavits on the defendant. In March of 1989 the defendant removed the case to federal court. By motion dated April 17, 1989 the plaintiff moved to have the case remanded to the state court defendant opposed this motion. In April of 1989, upon motion of defendant's attorneys, the state court in New York dismissed the state action without prejudice. In October of 1989 the Federal Court remanded the case to the Supreme Court of the State of New York.
The plaintiff moved to restore the case to the state court calendar in December of 1989, and to vacate the earlier Order of Dismissal. Defendant did not oppose this motion, and it was granted in January of 1990. Plaintiff's counsel was notified by defendant's counsel in January of 1990 that they were withdrawing as defendant's counsel, and that Wittek consented to such withdrawal. Such withdrawal apparently was the result of a dispute over fees relative to the effort to remove the case to Federal Court. A copy of the letter from defendant's counsel was apparently sent to defendant's present counsel.
Defendant never pled to the plaintiff's Motion for Summary Judgment in Lieu of Complaint, and the motion was granted on September 19, 1990. On September 25, 1990, a judgment in the amount of $182,690.57 in favor of the plaintiff and against Wittek and Parket (a co-defendant) was filed and entered in the Westchester County (NY) Clerk's Office. Plaintiff's counsel recorded the New York judgment in this court on November 15, 1990.
Connecticut has adopted the Uniform Enforcement of Foreign Judgments Act (1964 Revision), with certain additions. The Connecticut version, codified at 52-604 through 52-609 of the General Statutes, defines a "foreign judgment" as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment." Conn. Gen. Stat. 52-604 (1991). Section 52-604 (b) states:
 Such foreign judgment shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and procedures for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner. CT Page 5688
"Section 52-605 authorizes the summary enforcement of a properly registered foreign judgment." Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 469 (App. Sess. 1982).
A proceeding under 52-605 of the General Statutes is a codification of the common laws rule of res judicata. Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 470-71 (App. Sess. 1982). "Under the common law, a final judgment that is rendered by a court of competent jurisdiction is conclusive of the rights of the parties in the same or any other judicial tribunal." Id. at 471. The foreign judgment, by virtue of52-605, is established as a domestic judgment that is conclusive on the defendant's indebtedness. Id. "Furthermore, the foreign judgment is not subject to collateral attack locally; (citations omitted); but must be given full faith and credit. (citations omitted)." Id.
"The purpose of 52-605 is to [relieve] creditors and debtors of the additional cost and harassment of further litigation which would otherwise be incident to the enforcement of the foreign judgment" my providing a speedy and economical means of obtaining "full faith and credit" in another state's courts. Prefatory Note to Uniform Enforcement of Foreign Judgments Act, ULA 150 (West, 1986). Such procedure precludes defendant's present attack on the New York judgment. Were plaintiff proceeding by an independent action on the foreign judgment because 52-605 was not available to him, see 52-607, then the defendant would be able to attack the New York judgment collaterally by establishing facts that would render the New York judgment void. Seaboard Surety Co.,38 Conn. Sup. at 472. "No such attack could be made, however, if the judgment creditor sought to proceed under 52-605 on a foreign judgment meeting the requirements of the statute." Id.
While the defendant relies on Practice Bk. 377 for his entitlement to have the judgment opened, this reliance is misplaced. This section, authorizing the court to open a judgment entered on a default, refers only to defaults for failure to appear (emphasis added). Further, it requires that the defendant show that he was prevented "by mistake, accident or other reasonable cause from. . .appearing" to show the existence of a good defense. The record shows that defendant was represented by counsel in the New York action and had been active in that action. It is therefore the opinion of the court that defendant's motion be denied. Motion to open judgment denied.
JOHN J.P. RYAN, JUDGE CT Page 5689