[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Charles Holbrook ["Holbrook"], CFH Associates, Inc. ["CFH"] and Thomas Blair a/k/a Scotty Stevens ["Blair"], commenced this action against the defendant, Nicholas Owen ["Owen"], seeking to enforce a judgment rendered by the Hillsborough County Superior Court of the State of New Hampshire. On March 6, 1989, the plaintiffs obtained the New Hampshire judgment by default for failure to appear, in the amount of $239,092.08 plus costs, or $275,718.31. CT Page 996
On October 25, 1990, the defendant answered the plaintiff's complaint. The defendant asserted four special defenses and a four-count counterclaim. On March 20, 1991, the defendant filed a revised answer, special defenses and counterclaim. The first special defense asserts that the New Hampshire judgment is void because the New Hampshire court did not have personal jurisdiction over the defendant. The second special defense asserts that the judgment is void because a limited partner cannot be held liable beyond the extent of his limited partnership investment. The third special defense is that the judgment is void as a matter of law since it was obtained by fraud, and the fourth special defense asserts that the judgment was obtained illegally in that the plaintiffs failed to apprise the court of the limited partner status of the defendant.
On March 26, 1991, the plaintiffs filed a motion to strike all four counts of the defendant's counterclaim which was granted by the court, Licari, J., on April 15, 1991. On May 31, 1991, the plaintiffs replied to the defendant's special defenses thereby closing the pleadings between the parties.
On October 10, 1991, the plaintiffs filed a motion for summary judgment on the ground that there is no genuine issue of material fact that the New Hampshire judgment is not valid and enforceable against the defendant under Connecticut law. In support of their motion the plaintiffs have filed a memorandum and an affidavit of Susan Howard which incorporates the true accurate copies of: the petition to attach with notice and writ of summons which was served on the defendants' notice of default dated December 8, 1987, issued by the State of New Hampshire Superior Court; the motion to permit filing of late special appearance and strike default; order permitting filing of late special appearance; the withdrawal of the appearance; the order of default against the defendant; an affidavit of damages; the judgment against the defendant; the taxation of costs; motion to strike default and allow late entry of appearance; order denying motion to strike default; motion for clarification; order denying the motion for clarification; motion for reconsideration; order denying motion for reconsideration; notice of appeal to the New Hampshire Supreme Court, and; the order declining the notice of appeal.
In opposition, the defendant asserts that the court should CT Page 997 not recognize the foreign judgment because the New Hampshire court lacked personal jurisdiction. On October 28, 1991, in support of his position, the defendant submitted a memorandum of law and an affidavit of Nicholas Owen. In his memorandum, the defendant argues that the issue of personal jurisdiction was never litigated in the New Hampshire court, and that the defendant was never afforded a fair opportunity to present his defenses to the New Hampshire action. In his affidavit, the defendant asserts that he "never resided in New Hampshire "nor have I ever had any minimal contacts with that state."
Connecticut General Statutes 52-605 authorizes the summary enforcement of a foreign judgment other than one by default of appearance or concession that is properly registered with a Connecticut court. Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,471, 451 A.2d 291 (App. Sess. 1982). Thus, a foreign judgment is only given full faith and credit if it is not based upon default of appearance or concession.
Where a judgment is based upon default of appearance, the party seeking to enforce the judgment must proceed by way of Connecticut General Statutes 52-607. Under 52-607 a foreign judgment creditor may proceed by an independent action on the judgment. Seaboard Surety Co., supra, 471. "This independent action on the judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." Id., 472 "[I]n order to succeed in a collateral attack, the party seeking to avoid a judgment must show that it is not merely voidable but void." Meinket v. Levinson, 193 Conn. 110, 113, 474 A.2d 454 (1984). "[T]his would require proof of the lack of a legally organized court of tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Rathkoph v. Pearson, 148 Conn. 260, 265,170 A.2d 135 (1961).
"Summary judgment" is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." (Citation omitted.) Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "`[T]he moving party for summary judgment is held to a strict standard . . .' of demonstrating his entitlement to summary judgment." (Citations omitted.) Kakadelis v. DeFavtritis, 191 Conn. 276, 282, CT Page 998464 A.2d 57 (1983). The moving party must prove that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Catz v. Rubenstein, 201 Conn. 39,48-49 513 A.2d 98 (1986).
"In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 505, 538 A.2d 1031 (1988). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citations omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991).
The defendant has raised genuine issues of material fact. The plaintiffs' motion for summary judgment is denied.
BALLEN, JUDGE CT Page 999