[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant entered into a written agreement for the lease of a facsimile by the defendant for a forty-eight (48) month period with monthly payments of $127.44. The agreement was dated November 30, 1990.
The defendant defaulted and the plaintiff, pursuant to terms of the agreement, brought an action against the defendant in the state of New York where a judgment was entered against the defendant in the sum of $5,979.74.
This action was brought by the plaintiff based on the judgment obtained in the Supreme Court of the County of and State of New York. The defendant moved to dismiss this action based upon a claim of lack of jurisdiction of the New York court because of improper service of process upon the defendant
A challenge to the court's jurisdiction is properly raised by the filing of a motion to dismiss. Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 699, 702
(1989). The grounds which may be asserted are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction CT Page 6621 over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Ziska v. Water Pollution Control Authority, 195 Conn. 682, 696 (1985).
The judgment of the court in New York was rendered in part upon the provisions of Paragraph 19 of the lease which provides, in part:
 . . . Lessor and lessee . . . hereby jointly and severally designate and appoint Stuart B. Glover, Esquire, New York, New York and C.A. Credit Corp., New York, New York or either of them, as each of such party's true and lawful attorney-in-fact and agent for each of such party and in each such party's name, place and stead to accept service of process within the State of New York . . .
Paragraph 19 further provides that ". . . if it should appear that any provision hereof is in conflict with any statute or rule of law of any jurisdiction wherein it may be sought to be enforced then such provision shall be deemed null and void to the extent that it may conflict therewith. . ." .
The defendant contends that this portion of Paragraph 19 conflicts with the provisions of Section 52-54 of the General Statutes setting forth the manner in which service is properly made in Connecticut. However, there is no dispute that the defendant received notice of the action pending in New York as provided by the agreement. The plaintiff complied with the contractual provisions regarding service of process.
The plaintiff properly served the C-A Credit Corp., which then sent copies of the complaint and accompanying documents by certified mail to the defendant along with a letter advising the defendant that such papers had been served upon C-A Credit Corp. as agent for the defendant. Nor is there any dispute as to the affidavit in support of compliance with the contractual provisions. The defendant argues that the Connecticut courts should not enforce the New York judgment because the court in that state lacked in personam jurisdiction when it rendered its judgment.
Section 52-607 of the General Statutes authorizes a foreign judgment creditor to commence an independent action in CT Page 6622 Connecticut on the foreign judgment. The validity of the New York judgment invokes the Full Faith and Credit Clause of the Constitution of the United States which requires a court of one state to accord the judgment of a foreign state the same credit, validity and effect as the state that rendered the judgment would give it. This clause includes the proposition that lack of jurisdiction renders a foreign judgment void. Packer Plastics, Inc. v. Laudon, 214 Conn. 52, 56 (1990).
A party may defend against enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue. Id. However, the United States Supreme Court has consistently held that the judgment of another state must be presumed valid and the burden of proving a lack of jurisdiction "rests heavily upon the assailant." Id., at 57, quoting Williams v. North Carolina, 325 U.S. 226, 233-34,65 S.Ct. 1092, 89 L.Ed. 1577, reh. den. 325 U.S. 895,65 S.Ct. 1560, 89 L.Ed. 2006 (1945).
Contracts containing clauses in which the contracting parties designate and appoint agents for receipt of process have long been held valid, provided the agent gives prompt and effective notice to the principal. National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 318 (1963). Moreover, the doctrine of acquiring in personam jurisdiction by consent receives recognition and is effectuated in the provisions of the Uniform Enforcement of Judgments Act (UEFJA), Connecticut General Statutes, Chapter 928, Section 52-604 et seq.
Section 52-605 states, in part:
 Filing of foreign judgment; certification; effect; notice. (a) A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment . . .
 (b) Such foreign judgment shall be treated in the same manner as a judgment of this state. . . . and may be enforced or satisfied CT Page 6623 in like manner.
Section 52-607 states:
 Other rights of action preserved. The right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint instead of proceeding under sections 52-604 to 52-609, inclusive, remains unimpaired.
These statutory provisions allow different remedies for a judgment creditor. Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,470 (1982). The effect of 52-605 is to establish a foreign judgment that has not been obtained by a default in appearance, as a domestic judgment that is conclusive of the defendant's indebtedness. Id., 471. The provisions of 52-607
allow a foreign judgment creditor who could not or did not rely upon 52-605, to still proceed by way of an independent action on the foreign judgment, since this remedy remains available under the statutory scheme. Id.
In this case, there is no conflict of law in light of the undisputed facts and applicable law. The court in New York had jurisdiction by consent of the parties and the plaintiff's action to recover a debt is enforceable under the statutory scheme. The defendant's argument that the contractual appointment of an agent for the service of process contravenes the provisions of 52-54
of the General Statutes, thereby creating a conflict of laws, is unsupported by law. Such an argument seeks to avoid the burden of proof imposed upon the defendant (see Williams, supra) and render meaningless the constitutional and statutory provisions cited above.
There is no claim by the defendant as to the validity of the agreement. He is bound by the contractual provisions bargained for, including the stipulation as to jurisdiction over the person. Bankgenossenschaft v. Perren, 21 Conn. Sup. 5, 11,141 A.2d 255 (Super.Ct. 1957).
The motion is denied.
BY THE COURT
Leander C. Gray, Judge CT Page 6624