[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Plaintiff Hancock Estabrook, a law firm located in the State of New York, brings this action to enforce a judgment in the amount of $6746.92 that was entered on April 7, 1993 against the defendant David M. Brown d/b/a Connecticut Public Fax in the Supreme Court of the State of New York. Said judgment entered upon the defendant's default for failure to appear in the New York action.
The underlying dispute arises out of the plaintiff's provision of legal services to the defendant. The defendant was sued in New York by an entity known as Vicom, Inc., a Texas corporation, and retained the plaintiff for purposes of challenging the New York courts exercise of personal jurisdiction over him. The plaintiff was successful in having the suit dismissed. Subsequent to the dismissal, the parties disputed the value of the services rendered by the plaintiff, as well as the nature of their retainer agreement, and the plaintiff instituted proceedings against the defendant in the Supreme Court of the State of New York, Onondaga County. The defendant was subsequently defaulted for failure to appear and judgment was entered in favor of the plaintiff. The plaintiff subsequently commenced this action to collect its foreign default judgment.
On December 11, 1993, the defendant filed an answer, along with two special defenses. In the first special defense, as revised on March 17, 1994, the defendant alleges that the plaintiff's foreign judgment is not entitled to full faith and credit because the New York court did not obtain personal jurisdiction over the defendant and the judgment was entered upon the defendant's failure to appear. In the second special defense, the defendant alleges that there is no underlying contract between the parties which would permit the plaintiff to obtain a judgment for services rendered to the defendant.
On March 24, 1994, the plaintiff filed a motion for summary judgment (docket number 111) on the ground that it has obtained a valid foreign judgment which is entitled to full faith and credit in the State of Connecticut. The plaintiff's motion is supported by a memorandum of law, an affidavit of the defendant's New York attorney (an employee of the plaintiff law firm), a copy of the judgment and other documentary evidence. The defendant CT Page 5337 filed an objection dated April 20, 1994 along with a memorandum of law and the defendant's affidavit.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650 (1991). A material fact is one that will make a difference in the outcome of the case. Yanow v. Teal Industries, Inc.,178 Conn. 262, 268-269 (1979). Because the burden of proof is on the moving party, the facts must be viewed in the light most favorable the party opposing the motion. Mingachos v. CBS, Inc.,196 Conn. 91, 111 (1985).
In cases where a foreign judgment was obtained by default, General Statutes § 52-607 expressly reserves to the judgment-creditor a common law right to bring an independent action on the judgment. Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 472 (App. Sess. 1982). When a plaintiff brings a common law action to collect on a foreign judgment, the debtor is allowed to collaterally attack the foreign judgment by establishing those facts that would render that judgment void. Such a collateral attack must prove that the judgment is void and not merely prove that it is a voidable judgment in order for the attack to be a successful one. "A party can . . . defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." PackerPlastics, Inc. v. Laundon, 214 Conn. 52, 56 (1990).
The defendant's first argument in opposition to the plaintiff's motion for summary judgment is that the New York court lacked personal jurisdiction over the defendant. The defendant's first argument constitutes a valid collateral attack on the plaintiff's foreign default judgment. Issues concerning the jurisdiction of a foreign court are governed by the law of the foreign state. Smith v. Smith, 174 Conn. 434, 438 (1978). The New York long arm statute, N.Y. Civ. Prac. L. R. § 302(a)(1), provides in pertinent part that, "A court may exercise personal jurisdiction over any nondomiciliary . . . who in person or through an agent . . . transacts any business within the state. . ., as long as the cause of action arises out of such transaction." Otterbourg v.Shreve City Apartments, 147 App.Div.2d 327 (App.Div. 1989). Under CT Page 5338 the New York long arm statute, there must be "some articulable nexus between the business transacted [by the nondomiciliary defendant] and the cause of action sued upon." McGowan v. Smith,52 N.Y.2d 268 (1981) "Where the activities were purposeful and a substantial relationship exists between the transaction and the claim asserted, jurisdiction may be invoked, even if the defendant never physically enters New York." Otterbourg v. Shreve CityApartments, supra, 378.
In the present case, the plaintiff's affiant attests that the plaintiff law firm was retained by the defendant's Connecticut attorney to represent the defendant in a civil action that was filed against him in the State of New York. The affiant further attests that the defendant appeared in the Syracuse, New York office on two occasions to participate in pretrial matters, and testified at a proceeding held in the Supreme Court of the State of New York. The facts stated in the affidavit of the plaintiff are neither contested nor contradicted in the defendant's affidavit.
The Otterbourg case is similar in facts to the instant case. In Otterbourg, a nondomiciliary defendant retained a New York law firm to represent it in a bankruptcy proceeding and actively participated in negotiation. In ruling on the plaintiff's claim for legal fees, the court held that the defendant's participation rose to the level of "purposeful activities" for purposes of establishing the court's jurisdiction over the defendant.
In the present case, based on the uncontested facts stated in the parties' affidavits and this court's review of the New York case law, the judgment of the New York court is valid and entitled to full faith and credit. The New York court had obtained personal jurisdiction over the defendant based on the fact that the plaintiff's claims against the defendant arose out of the defendant's purposeful transaction of business within the State of New York. The defendant's collateral attack upon the plaintiff's New York default judgment on the ground of personal jurisdiction must fail.
This court will not consider the other arguments which the defendant makes concerning the lack of a valid contract between the parties which would permit the plaintiff to obtain a judgment for the services that it rendered to the plaintiff; nor does this court consider the defendant's attack on the plaintiff's CT Page 5339 billing practices. This court cannot consider these arguments since they do not constitute permissible collateral attacks on the foreign judgment. The court finds that the New York court had personal jurisdiction over the defendant pursuant to the New York long arm statute. The judgment of that court operates as res judicata and prevents this court from considering the defendant's arguments with respect to the parties' underlying contract and the plaintiff's billing practices.
For the foregoing reasons, this court grants the plaintiff's motion for summary judgment with respect to the defendant's liability only and orders this matter set down for a hearing pursuant to Practice Book § 385 in order to determine the actual amount of damages that the plaintiff may recover from the defendant. It is apparent from a review of the affidavits and the claims that a payment was made in the amount of $5,500 but it is not clear to the court whether the plaintiff's judgment in the amount of $6,746.92 is for monies owed in excess of the $5,500 that the defendant purportedly paid to the defendant.