[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On September, 1992 the plaintiff, Fidelity and Deposit Company of Maryland (FD), filed a complaint in the Supreme Court of the State of New York in a case entitled Fidelity Deposit Co. v.Altman, Index No. 17866/91, IAS Part 12, Justice Lehner (the"Altman case") to enforce the terms of an Indemnification and Security Agreement(Agreement) bearing the name of the defendant, Peter S. Czuchra. The plaintiff claimed jurisdiction over Czuchra, a Connecticut resident, by virtue of language in the Agreement in which Czuchra agreed to the jurisdiction of the New York Court.[1]
On February 23, 1993 FD recovered a default judgment against the defendant for damages and costs in the amount of $70,560.44. Thereafter, FD filed this action to enforce the New York judgment.
The defendant has filed an Answer, Special Defenses and a Counterclaim in which he admits that the plaintiff obtained a default judgment against him, but denies that the judgment is enforceable because the New York court lacked in personam jurisdiction over him. He further claims that the New York court did not have jurisdiction over him because the Agreement was induced by false material representations and misrepresentations made by Colonial Realty Company (Colonial) of which FD knew or should have known. Czuchra also claims that the New York judgment is unenforceable because he cannot tell if the signature on the Agreement is his signature and because the default judgment CT Page 10123-I violates his rights to due process of law as guaranteed by ArticleI Section 10 of the Connecticut Constitution. In the Counterclaim Czuchra seeks to have the New York judgment set aside because it was obtained ex parte as the result of excusable neglect.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384;Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983). To defeat a motion for summary judgment, the nonmoving party must present evidence that demonstrates the existence of some material disputed factual issue. Daily v. New Britain Machine Co.,200 Conn. 562, 568-569, 512 A.2d 893 (1986).
Under Connecticut statutory and common law a creditor has the right to bring an action to enforce a foreign judgment. See Connecticut General Statutes § 52-607 (1988); Seaboard Surety Co.v. Waterbury, 38 Conn. Sup. 468, 470-471 (1982). "As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. Underwriters National Assurance Co. v. North Carolina Life Accident Health Ins. Guaranty Assn., 455 U.S. 691, 704,102 S.Ct. 1357, 71 L.Ed.2d 558 (1982)." Packer Plastics, Inc. v.Laundon, 214 Conn. 52, 56, 570 A.2d 687 (1990). The requirement that a foreign judgment be afforded full faith and credit applies with equal force to default judgments. See Laundon,214 Conn. at 56-57.
A successful collateral attack of a foreign judgment "requires proof of the lack of a legally organized tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Rathkopfv. Pearson, 148 Conn. 260, 265, 190 A.2d 135 (1961). In this case the defendant's collateral attack on the New York judgment hinges upon the Agreement, in which Panagopoulos allegedly consented to the jurisdiction of the New York court and waived his right to assert the New York court's lack of personal jurisdiction as a defense in any action.
Connecticut courts have recognized the validity of agreements in which a party consents to the jurisdiction of a foreign court.United States Trust Co. v. Bohart, 197 Conn. 34, 42, 495 A.2d 1034
(1985); Fairfield Lease Corp. v. Romano's Auto Service,
CT Page 10123-J4 Conn. App. 495, 495 A.2d 286 (1985); Clarkson v. Classic MotorCarriages, No. 310929, 1992 Westlaw 393181 at 2 (Conn.Super. Ct 1992, Fuller, J.)
In Fairfield Lease Corp., supra, the Appellate Court affirmed a judgment rendered by the Superior Court in an action to enforce a default judgment rendered by a New York court. Jurisdiction of the New York court over the defendant was based on a forum selection clause in a commercial lease. The Court in FairfieldLease stated:
 Parties to a contract may make it part of their arrangement that disputes arising between them shall be determined by a particular tribunal. The parties may agree `to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.' National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); see Insurance Corporation of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 703-704, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). When the court selected is reasonably appropriate, and where there is no indication that `the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements.' James Hazard, Civil Procedure (2d Ed. 1977) 12.21.
4 Conn. App. at 498.
In Clarkson v. Classic Motor Carriages, Inc., supra, the court stated that in the absence of a statute limiting forum selection clauses they are now enforced under a reasonableness test unless one of the following situations exists:
 (1) the choice of foreign provision is unfair or unreasonable; (2) the provision was obtained by fraud, duress, the abuse of economic power or other unconscionable means, which allows consideration whether the provision is contained in an adhesion or take it or leave it contract which the party was compelled to accept without argument or discussion; (3) the courts of the chosen state are closed to the suit or would not handle CT Page 10123-K it effectively or fairly; or (4) the chosen state is so seriously an inconvenient forum that it is unjust to require the plaintiff to bring suit there. Restatement, Conflict of Laws, Sec. 80, comment c.
The United States Supreme Court has also recognized the validity of forum selection clauses. See Scherk v. Alberto-CulverCo., 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 279
(1974).
In his Supplemental Affidavit in opposition to summary judgment Czuchra states that he was fraudulently induced to invest in the Colonial Constitution Limited Partnership by Carl Lundell, a Colonial salesman. The defendant's affidavit further states that he signed the documents in connection with the Colonial Realty investment in reliance on misrepresentations made by agents, servants, or employees of Colonial, including misrepresentations concerning income projections for the investment property which were known to be unreasonably high or false when made, and misrepresentations concerning the net worth of the principals of Colonial who guaranteed a return on his investment. The affidavit also states that FD was on notice of the aforementioned fraud before it bonded the investor notes such as the one signed by Czuchra and that FD knew that its underwriting agent, American Financial Underwriters, was threatened with extinction if it did not close the Colonial Constitution transaction and had "compelling motivation" to bond the Colonial investors' notes notwithstanding the facts and circumstances putting it on notice of the fraud.
In order to defeat a motion for summary judgment, a party must produce admissible evidence which contradicts the evidence produced by the proponent of the motion. S. M. S. Textile v. Brown,Jacobson. etc., P.C., 32 Conn. App. 786, 789-790, 631 A.2d 340
(1993). The plaintiff has produced evidence that it obtained a judgment in New York in which the jurisdiction of the New York court over Czuchra was based on the Agreement in which Czuchra consented to that jurisdiction. Czuchra has produced evidence which creates issues of fact as to whether the Agreement was induced by fraudulent misrepresentations. Those issues of fact are material because the New York judgment may be successfully attacked if the court did not have jurisdiction over Czuchra. If the Agreement is invalid, then the New York court did not have jurisdiction over Czuchra. Therefore, the Motion for Summary Judgment on the Complaint and Counterclaim is denied. CT Page 10123-L
By the Court,
Aurigemma, J.