[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Marina Associates has moved to strike the three special defenses plead by defendant Anthony Mase in response to the plaintiff's complaint. For the reasons stated below, the plaintiff's motion to strike is granted as to each special defense.
Marina Associates seeks to enforce a judgment entered against the defendant in New Jersey. The defendant has filed three special defenses. In the first special defense, the defendant alleges that the plaintiff violated 15 U.S.C. § 1692i(a) by filing suit against the defendant in an improper venue. In the second special defense, the defendant alleges that "the recovery of said debt is violative of the public policy of the State of Connecticut that said debt has an origin from credit extended for gambling any assension [sic] to credit from Defendant was obtained by Plaintiff by wantonly and maliciously furnishing alcohol to Defendant." In the third special defense, the defendant alleges that "[t]he underlying debt was recovery of a gambling debt which is violative of the public policy . . . of the State of Connecticut." The plaintiff moves to strike the first special defense on the ground a claim of improper venue is not a basis for a collateral attack on a judgment. The plaintiff moves to strike the second and third special defenses on the ground the defenses are legally insufficient in view of the full faith and credit clause of the United States Constitution.
A motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader.Gordon v. Bridgeport Hospital, 208 Conn. 161, 171, 540 A.2d 1185
CT Page 11127-A (1988).
"As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics, Inc. v. Laundon,214 Conn. 52, 56, 570 A.2d 687 (1990). When a plaintiff brings a common law action to collect on a judgment, the debtor may collaterally attack the judgment by establishing facts that would render that judgment void. Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 472, 451 A.2d 291 (App. Sess. 1982). "[T]o be successful, a collateral attack must prove a judgment void, not merely voidable . . . . Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Rathkopfv. Pearson, 148 Conn. 260, 265, 170 A.2d 135 (1961).
The defendant's first special defense is based on 15 U.S.C. § 1692i, which is the venue provision of the Fair Debt Collection Practices Act. This section provides, in part, as follows:
 (a) Any debt collector who brings any legal action on a debt against any consumer shall . . . .
 (2) . . . bring such action only in the judicial district or similar legal entity —
 (A) in which such consumer signed the contract sued upon; or
 (B) in which such consumer resides at the commencement of the action.
The defendant alleges that he was a resident of Trumbull, Connecticut, and further alleges that venue for the first lawsuit was more properly situated in the Superior Court of Connecticut, Judicial District of Fairfield. The plaintiff claims that these allegations are legally insufficient to raise a defense because (1) the venue provision of the Fair Debt Collection Practices Act allows the debt collector to bring suit where the consumer signed the contract sued upon and (2) the defendant waived the privilege of challenging venue by failing to object in the New Jersey court.
The defendant can not rely upon § 1692i to attack the New CT Page 11127-B Jersey judgment. "Venue is not a jurisdictional question but a procedural one . . . . Statutory venue requirements `simply [confer] a privilege not to be required to attend court at a particular location' . . . . Accordingly, it may be waived by the parties . . . ." (Citations omitted.) Savage v. Aronson, 214 Conn. 256, 263,571 A.2d 696 (1990). Since § 1692i does not implicate the New Jersey court's exercise of jurisdiction over the defendant, the plaintiff's motion to strike the first special defense must be granted.
In the second and third special defenses, the defendant claims that the enforcement of a gambling debt is against Connecticut's public policy, as stated in General Statutes § 52-553. The issue, however, is not whether the New Jersey judgment offends the public policy of this state. Rather, the issue is "whether full faith and credit must be given to a valid judgment of another jurisdiction."Hilton International Co. v. Arace, 35 Conn. Sup. 522, 529,394 A.2d 739 (App. Sess. 1977). "It must be remembered that a cause of action on a judgment is different from that upon which the judgment was rendered." Id.
In Casanova Club v. Bisharat, 189 Conn. 591, 458 A.2d 1
(1983), the plaintiff sued to recover gambling debts incurred by the defendant in its casino located in Great Britain. While the Supreme Court upheld the trial court's entry of summary judgment in favor of the defendant gambler, it noted that gambling activities were legal in Great Britain and stated that "[h]ad the plaintiff pursued its claim to judgment in Great Britain, our courts could have permitted recovery on that judgment here." Id., 597-98.
In Hilton International Co. v. Arace, supra, the plaintiff obtained a judgment against the defendant in the Superior Court of Puerto Rico based on gambling debts incurred by the defendant in the plaintiff's casino located in Puerto Rico. In upholding the trial court's entry of summary judgment in favor of the plaintiff casino, the three-judge panel summarized the governing principles as follows:
 [a] valid judgment rendered in one State of the United States will be recognized and enforced in a sister State even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim . . . . The court, no matter what its feelings may be on the subject of CT Page 11127-C gambling, is required to obey the command of the full faith and credit clause of the federal constitution. The public policy of Connecticut cannot prevail against the command of the federal constitution.
Id., 530.
In the present case, the plaintiff is suing to enforce a New Jersey judgment. The defendant alleges the judgment is based upon the defendant's failure to pay a gambling debt owed to the plaintiff. In the absence of a challenge by the defendant based on the New Jersey court's exercise of jurisdiction, the judgment of the New Jersey court is entitled to full faith and credit. The fact that the public policy of Connecticut forbids the extension of credit for purposes of enabling a person to gamble is not a defense to the enforcement of the judgment. Accordingly, the motion to strike the second and third special defenses must be granted.
The motion to strike is granted as to all three special defenses.
THIM, JUDGE