[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
FACTUAL BACKGROUND
On March 1, 1995, the plaintiff, Sigma Development, filed a four count complaint against the defendant, John Russo. The plaintiff leased apartment B-2 at 223 East 89th Street, New York, New York, to the defendant. The plaintiff alleges that the defendant failed to pay $5250.00 in rent ($750.00 per month from November 1990 to November 1991); the defendant vacated the rented premises, leaving them in a damaged condition and causing $400.00 in damages; the plaintiff is entitled to recover $1,000.00 as a reasonable fee for legal services rendered to collect the unpaid rent and for the damages done; and the plaintiff is entitled to full faith and credit from a judgment rendered on February 3, 1993, CT Page 9614 by the Civil Court of the City of New York, New York County, for $5959.00. The plaintiff attached an uncertified copy of the judgment to its complaint.
On April 6, 1995, the defendant filed a motion to strike the fourth count of the plaintiff's complaint and a memorandum in support. The defendant's motion to strike claims that the fourth count is legally insufficient because it "fails to state a claim upon which relief can be granted under. Practice Book Section 152(1)" and that "when a plaintiff obtains judgment in another jurisdiction where the Defendant has failed to appear in those proceedings, the Plaintiff is not entitled to full faith and credit in the state of Connecticut."
On April 24, 1995, the plaintiff filed a memorandum in opposition to the defendant's motion to strike.
LEGAL STANDARD
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. The court must construe the complaint to favor sustaining its legal sufficiency; Michaud v. Warwick, 209 Conn. 407, 408, 551 A.2d 738
(1988); and to favor the non-moving party. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The court must deny a motion to strike if the facts alleged would support a cause of action. Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
DISCUSSION
The grounds for the defendant's motion to strike are that the fourth count of the plaintiff's complaint fails to state a claim upon which relief can be granted and that the plaintiff is not entitled to full faith and credit from a judgment in a foreign jurisdiction in which the defendant did not appear. In his memorandum in support, the defendant argues that the plaintiff's complaint states that the defendant failed to appear in the New York action. Citing Seaboard Surety Company v. Waterbury, 38 Conn. Sup. 468,451 A.2d 291 (App. Sess. 1982) and the Uniform Enforcement of Foreign Judgments Act, General Statutes, § 52-605(a) (b), the defendant argues that a plaintiff is not entitled to CT Page 9615 full faith and credit for a judgment "obtained by a default in appearance."
The plaintiff argues that a judgment debtor may bring an independent action to enforce a foreign judgment even if the foreign judgment was obtained on the default of the defendant. The plaintiff argues that it does not rely on the Uniform Enforcement of Judgments Act. The plaintiff argues that it has filed "an independent action as a judgment creditor to enforce the judgment" as permitted by Seaboard Surety Co. v. Waterbury, supra, 38 Conn. Sup. 468
and by General Statutes § 52-607. The plaintiff argues that the United States Constitution requires that states give full faith and credit to judgments of other states. The plaintiff argues that the defendant has the burden of showing that the judgment was improper because the plaintiff brought a common law claim.
General Statutes § 52-604 provides that a foreign judgment is "any judgment . . . entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment."
General Statutes § 52-605(a) (b) provide that "(a) A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment. . . . (b) Such foreign judgment shall be treated in the same manner as a judgment of a court in this state. . . ." Section 52-605 treats foreign judgments as Connecticut judgments and, regarding a creditor, establishes conclusively the defendant's indebtedness. Seaboard Surety Companyv. Waterbury, supra, 38 Conn. Sup. 470-71. Collateral attack is not available. Id., 471-72.
In the present case, the plaintiff may not rely on § 52-605(a) (b) of the Uniform Enforcement of Foreign Judgments Act because the plaintiff did not attach a certified copy of the New York judgment and because the judgment was obtained by default. However, the plaintiff does not rely on § 52-605(a) (b).
"Where a judgment is based upon default of appearance, the party seeking to enforce the judgment must proceed by way of General Statutes 52-607." (Internal quotation marks omitted.) KeyBank of Alaska v. Benedict, Superior Court, judicial district of New Haven, Docket No. 34 96 83 (February 25, 1994, Martin, J.); see CT Page 9616Holbrook v. Owen, Superior Court, judicial district Waterbury, Docket No. 26 33 38 (January 11, 1993, Sylvester, J.). Sections52-605 and 52-607 offer a judgment creditor two different remedies.Seaboard Surety Co. v. Waterbury, supra, 38 Conn. Sup. 470. General Statutes § 52-607 provides that, "[t]he right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint instead of proceeding under section 52-604 to 52-609, inclusive, remains unimpaired." Section52-607 expressly "preserve[s] the common-law right of a judgment creditor to bring an independent action on the judgment." Id.; seeHancock Estabrook v. Brown, 9 CSCR 695, 696 (July 5, 1994, Rodriguez, J.); Holbrook v. Owen, supra. The debtor may "attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." Seaboard Surety Co. v.Waterbury, supra, 38 Conn. Sup. 472.
Both parties rely on Seaboard Surety Co. v. Waterbury, supra. In that case, the plaintiff had obtained a judgment by confession. Id., 469. The issue was whether the plaintiff could bring an independent action to enforce a foreign judgment in Connecticut. Id., 469. The court approved the trial court's finding that there are two remedies for a judgment creditor: § 52-605 and § 52-607. Id., 470. The court held that a judgment creditor does have a common law right to bring an independent action under § 52-607. Id., 471-72.
In the present case, the fourth count alleges that an action was commenced on October 21, 1991, in the Civil Court of the City of New York against the defendant by proper service of process. This count then alleges that, due to the defendant's failure to appear, a judgment of $5959.00 was obtained against him on February 3, 1993. Lastly, the fourth count alleges that the plaintiff "is entitled to full faith and credit for the judgment obtained in the State of New York."
Although the plaintiff may not rely upon General Statutes §52-605, its right to bring an independent action on the judgment has been preserved pursuant to General Statutes § 52-607. Accordingly, the defendant's motion to strike the fourth count of the plaintiff's complaint must be denied.
CONCLUSION
Based on the foregoing, the defendant's Motion to Strike (#101) is denied. CT Page 9617
So ordered.
Michael Hartmere Judge of the Superior Court