[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6049
This case, which was tried to the court, was brought by the plaintiff, First Fidelity Savings Bank, N.A., New Jersey, against the defendant, Kenneth I. Singer, seeking to collect on a judgment it obtained against the defendant in New Jersey.[1] In its complaint the plaintiff alleges that on December 7, 1990, it obtained a default judgment against the defendant in the Superior Court of Bergen County, New Jersey, in the total amount of $31,382. The plaintiff seeks to have that New Jersey judgment made a judgment of this state in accordance with General Statutes § 52-605, the Uniform Enforcement of Foreign Judgments.
Since this judgment was obtained by "default," it does not meet the definition of a "foreign judgment" contained in General Statutes § 52-604, and thus it cannot be made a judgment of this state under that act. However, General Statutes § 52-607 provides that a judgment creditor such as the plaintiff may proceed "by an action on the judgment."
"A party can . . . defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the issue was fully litigated before the rendering court . . . ." Packer Plastics,Inc. v. Laundon, 214 Conn. 52, 56, 570 A.2d 687 (1990). When a plaintiff asserts a common law action to collect on a foreign judgment, the debtor has the right to collaterally attack the foreign judgment "by establishing facts that would render that judgment void." Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,472, 451 A.2d 291 (App. Sess. 1982). According to Rathkopfv. Pearson, 148 Conn. 260, 265, 170 A.2d 135 (1961), such a collateral attack must prove that the foreign judgment is void, not just voidable, because of, for example, "lack of jurisdiction over the . . . parties."
In this present case, the defendant asserts lack of personal jurisdiction on the ground that he never received notice of the New Jersey action, and that he was never served with process. At the trial, the plaintiff presented credible evidence by way of an affidavit by Barbara Lubrano, a secretary in the plaintiff's law firm, that on August 10, 1990, she mailed the summons and complaint to the defendant to his residence in Westport, both by certified mail and ordinary mail. The plaintiff's counsel testified at the trial and he also furnished an affidavit that the ordinary mail sent to 9 High Point Road, Westport, was not CT Page 6050 returned to the sender.
"Issues concerning the jurisdiction of a foreign court are governed by the law of the foreign state." Smith v. Smith,174 Conn. 434, 438, 389 A.2d 756 (1978). This service of process was sufficient to confer in personam jurisdiction over the defendant because of New Jersey Rule 4:4-4(b)(C), which states that such jurisdiction may be obtained in the case of one living outside New Jersey by mailing copies of the process by registered or certified mail and also "simultaneously, by ordinary mail" addressed to the non-resident's "dwelling house or usual place of abode." In this case, the plaintiff's attorney testified that the address at 9 High Point Road, Westport, had been provided to the plaintiff by the defendant in connection with his guarantees of equipment leases that were the basis of the New Jersey judgment. Therefore, the defendant's collateral attack upon the plaintiff's New Jersey judgment is without merit, and that judgment is entitled to "full faith and credit" in this state in accordance with Article four, § 1 of the Constitution of the United States.
The defendant also contended that the plaintiff erred in calculating the amount of payments made in connection with these leases. This defense, however, should have been asserted in New Jersey, because it does not attack the jurisdiction of the foreign court, but rather is a "direct attack," and hence is not a permissible collateral attack on the foreign judgment.Seaboard Surety Co. v. Waterbury, supra, 38 Conn. Sup. 472 n. 5. Even if "payment" was a permissible defense, the evidence at the trial sufficed to prove that the debt was correctly calculated, and the defendant did not assert any evidence to the contrary.
Accordingly, judgment may enter for the plaintiff and against the defendant, Kenneth I. Singer, in the amount of the New Jersey judgment, $31,382.36, less $8,294.12, which the plaintiff agreed it had previously recovered from another guarantor of the equipment leases in question, for a net judgment of $23,088.24, plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of August, 1996.
William B. Lewis, Judge CT Page 6051