[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 13, 1997
The plaintiff claims that the special defense and the counterclaim are "legally insufficient because [they] are barred by the doctrine of res judicata and by Rule 29 of the Iowa Rules of Civil Procedure." (Plaintiff's Motion To Strike Special Defense And Counterclaim.) It is submitted that the Iowa Rules of Civil Procedure regarding compulsory counterclaims do not apply to the present motion to strike. Although a defendant resisting a claim for enforcement of a foreign judgment under General Statutes § 52-607 is limited to defenses that would render the foreign judgment void; Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 472, 451 A.2d 291 (1982); the plaintiff in the present case is asserting two other causes of action, aside from seeking to enforce its foreign judgment. The second count of the plaintiff's complaint contains a claim for breach of contract and the third count contains a claim of unjust enrichment. The defendant is not foreclosed from asserting any special defenses against these claims.
The plaintiff's argument regarding the defendant's counterclaim would be valid in a compulsory counterclaim jurisdiction, such as Iowa. Connecticut, however, is a permissive counterclaim jurisdiction. See Practice Book § 116. In Connecticut, the fact that a defendant in a prior action did not CT Page 5019 assert a related cause of action in that prior case does not foreclose the defendant from asserting those claims in the future. Battista v. DeNegris, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525774 (September 16, 1994) (Corradino, J.). Therefore, the plaintiff's motion to strike the defendant's special defense and counterclaim is denied.
KARAZIN J.