[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DATED FEBRUARY 22, 1999 (102)
The plaintiff, Joe Rolls, individually and d/b/a Joe Rolls 
Associates ("Rolls"), has brought this lawsuit to collect on a CT Page 5309 judgment entered by a Texas court against the defendant, DGG Properties Co., Inc. d/b/a Water's Edge Inn Resort ("DGG Properties Co., Inc."). The Texas judgment was entered on March 4, 1998 based upon DGG Properties Co., Inc.'s default for failure to appear. Rolls has moved for summary judgment claiming that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. DGG Properties Co., Inc. filed an amended answer and special defenses dated March 11, 1999 and claims that there are genuine issues of material fact that preclude summary judgment. For the following reasons, the motion for summary judgment is granted.
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Millerv. United Technologies Corp., 233 Conn. 732, 751 (1995). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id. at 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact [.]" (Internal quotation marks omitted.)Miller v. United Technologies Corp., supra, 233 Conn. 751-52.
Rolls argues that summary judgment should be granted in this action because there is no triable issue of fact.
On the other hand, DGG properties Co., Inc. argues that summary judgment should not be granted because there is a genuine issue of material fact as to the terms of the alleged oral agreement and because adequate proof to support summary judgment has not been presented by Rolls.
General Statutes § 52-604 defines `foreign judgment' as `any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment. Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 469 (1982). In the case of judgment obtained by CT Page 5310 default in appearance, as in this case, General Statutes § 52-607
preserves the common-law right of a judgment creditor to bring an independent action on the judgment." Id. at 470-71. Accordingly, under section 52-607, Rolls, a foreign judgment creditor, may bring a new independent action on the Texas judgment.
In order to withstand a motion for summary judgment on this new independent action, the debtor, DGG Properties Co., Inc. must collaterally attack the foreign judgment by establishing facts that would render the judgment void. Id. at 472; see alsoRathkopf v. Pearson, supra 265 This may be shown by "proof of the lack of a legally organized tribunal, lack of jurisdiction over the subject matter or the parties, or both, or want of power to grant the relief contained in the judgment." Rathkopf v. Pearson,148 Conn. 260, 265 (1961). Here, no such attack has been made by DGG properties Co., Inc. The assertions regarding the terms of the alleged oral agreement are insufficient to raise issues of material fact regarding the legality of the Texas judgment itself. Accordingly, the motion for summary judgment is granted.
So ordered, at New Haven Connecticut this 22nd day of April, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court